**ENDSLEY et al., Appellees,**

v.

**ENDSLEY et al., Appellants.**

[Cite as *Endsley v. Endsley* (1993), 89 Ohio App.3d 306.]

Court of Appeals of Ohio,
Wayne County.

No. 2780.

Decided Aug. 25, 1993.

*Karin Connolly,* Wayne County Assistant Prosecuting Attorney, for appellees.

*Daniel R. Lutz,* for appellants.

---

QUILLIN, Judge.

Appellants, Brian and Trista Endsley, appeal from the trial court's decision ordering temporary custody of their children to remain with the Wayne County Children Services Board ("WCCSB"). We affirm.

Appellants are the parents of two children, Victor and Jesse Endsley. Both children previously had been adjudicated dependent. WCCSB was granted temporary custody of the children and the children were placed in the home of relatives.

On September 16, 1992, a dispositional hearing was held wherein the court ordered temporary custody to remain with WCCSB. The court further stated: " * * * [T]his order shall terminate on December 22, 1992, unless a motion to modify, terminate or extend has been filed 30 days prior to that date."

WCCSB filed motions to extend temporary custody on December 9, 1992. On December 21, the court ordered temporary custody to continue with WCCSB. Appellants appeal from that order and raise one assignment of error:

"The juvenile court committed error when it overruled appellants' objection to the court's jurisdiction to consider Wayne County Children Services Board['s] motions to extend temporary custody and granted the motions despite the motions' lack of conformity to the requirements of R.C. 2152.415 or to the juvenile court's own order."

It is appellants' position that WCCSB's motions to extend temporary custody were untimely and incomplete pursuant to R.C. 2151.415, and that the trial court therefore abused its discretion in ordering the continuation of WCCSB's temporary custody. Specifically, appellants contend that the motions were filed less than thirty days before temporary custody was to expire and that they did not include an explanation either of progress made under the case plan or of expectations for reunification.

R.C. 2151.415(A) provides:

" * * * Any public children services agency or private child placing agency that has been given temporary custody of a child pursuant to section 2151.353 of the Revised Code, not later than thirty days prior to the earlier of the date for the termination of the custody order pursuant to division (F) of section 2151.353 of the Revised Code or the date set at the dispositional hearing for the hearing to be held pursuant to this section, shall file a motion with the court that issued the order of disposition requesting that any of the following orders of disposition of the child be issued by the court[.]"

R.C. 2151.415(D)(1) provides:

"If an agency pursuant to division (A) of this section requests the court to grant an extension of temporary custody for a period of up to six months, the agency shall include in the motion an explanation of the progress on the case plan of the child and of its expectations of reunifying the child with its family, or placing the child in a permanent placement, within the extension period. * * * "

The Court of Appeals for Butler County addressed the issue of the thirty-day requirement set forth in R.C. 2151.415(A) in *In re Sawyers* (Dec. 23, 1991), Butler App. No. CA91–01–002, unreported, 1991 WL 274318. In *Sawyers*, the court held that the statute's thirty-day requirement was directory rather than mandatory, and further that the appellant had not been prejudiced by the filing of the motion less than thirty days before the temporary custody order was to expire.

■ We believe the same reasoning applies in the instant case. Here, the motion for temporary custody was filed December 9, and the custody order was to expire December 22. Appellants were offered an opportunity for a continuance to aid in preparation, but declined the offer. Because the time limit is directory, we do not believe the failure to file within thirty days constituted any more than harmless error.

■ We are likewise unpersuaded that appellants were prejudiced by the omission of the R.C. 2151.415(D)(1) information in the motions. Appellants were given notice of the hearing and were afforded an opportunity to appear. Further, the court's decision to extend temporary custody was made in accordance

with the prescribed standard set forth in R.C. 2151.415(D)(1). We do not believe, therefore, that WCCSB's failure to include the information constituted prejudicial error. The assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD and REECE, JJ., concur.