95–438. State v. Hamblin. *Cuyahoga County*, No. 66556. Reported at 72 Ohio St.3d 1528, 649 N.E.2d 837. On motion for reconsideration. Motion denied.

WRIGHT and PFEIFER, JJ., dissent.

95–756. State ex rel. Cuttiford v. Hocking Correctional Facility, Records Office. In Mandamus. Reported at 72 Ohio St.3d 1527, 649 N.E.2d 837. On motion for reconsideration. Motion denied.

*Thursday, July 20, 1995*

## MERIT DOCKET

95–1350. State ex rel. Ohio Edn. Assn. v. Taft. In Mandamus and Prohibition. On motion for issuance of peremptory writs or, in the alternative, for expedited proceedings. *Sua sponte,* cause dismissed.

MOYER, C.J., WRIGHT, RESNICK and COOK, JJ., concur.

DOUGLAS, J., would deny the writs with opinion.

F.E. SWEENEY and PFEIFER, JJ., dissent and would grant an alternative writ, expedite the briefing schedule, and set this cause for oral argument.

## MOTION DOCKET

95–942. In re Young Children. *Stark County*, No. 94CA0198. On review of order certifying a conflict. The court determines that a conflict exists; the parties are to brief the issue as stated in the court of appeals' Judgment Entry filed April 27, 1995:

"This cause comes before us upon appellant's motion to certify the record in the within case to the Ohio Supreme Court for the reason that our judgment is in conflict with a judgment rendered by several other courts of appeals in this state on the same question.

"Appellant cites six cases which it represents are in conflict with our decisions:

"*Howard v. Catholic Social Services* (1994), 70 Ohio St.3d 141 [637 N.E.2d 890];

"*McNeal v. Miami County Children's Services Board* (February 12, 1991), Miami App. # 90–CA–29, unreported, Second Appellate District, Miami County;

"*In re Ward* (1992), 75 Ohio App.3d 377 [599 N.E.2d 431], Third Appellate District, Defiance [County];

"*In re Doe Children* (1994), 93 Ohio App.3d 134 [637 N.E.2d 977], Sixth Appellate District, Lucas County;

"*Endsley v. Endsley* (1993), 89 Ohio App.3d 306 [624 N.E.2d 270], Ninth Appellate District, Wayne County;

"and *In re Sawyers* (December 23, 1991), Butler App. # [CA]91–01–002, unreported, Twelfth District, Butler County.

"We have reviewed each of the above. We find that our judgment is not in conflict with *Howard,* *supra,* which is a Supreme Court case. (We note that a motion to certify conflict is not an appropriate response if appellant believes that our judgment is contrary to Supreme Court directive.) In any event, we find that *Howard* dealt with a somewhat different issue and our judgment is in no way inconsistent with it.

"As to the other cases listed by appellant, we find that our judgment is in direct conflict upon the same question with those cases.

"Accordingly, we sustain the motion to certify the record for conflict with other appellate districts, and we submit the following issue to the Ohio Supreme Court for review and final resolution:

"Are the provisions of R.C. 2151.415(D) jurisdictional in nature, such that a trial court loses jurisdiction to enter custody orders after expiration of the statutory time period?"

*Sua sponte,* this cause is consolidated with 95–941, *infra.*

95–1213. In re Bunting Children. *Stark County*, No. 94CA0264. On motion to consolidate case with 95–941, *infra,* and 95–942, *supra.* Motion granted; *sua sponte,* discretionary appeal allowed.

COOK, J., would allow and consolidate on Propositions of Law Nos. II and III only.