DECISION AND JOURNAL ENTRY
Appellant Kimberly Hogue appeals from the judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated her parental rights and awarded permanent custody of her children, Justus Hogue and Michael Brown, to the Summit County Children Services Board. This Court affirms.
Appellant is the natural mother of Justus Hogue, born July 20, 1997, and Michael Brown,[1] born July 29, 1998. The alleged father of the children, Michael Brown, never established paternity, and is not a party to this appeal.
On January 8, 1997, Summit County Children Services Board ("CSB") received a referral alleging that, appellant, a juvenile, was two months pregnant, was smoking, and was failing to seek prenatal care.[2] Appellant tested positive for cocaine during a prenatal visit on June 30, 1997. Justus was born to appellant on July 20, 1997, and remained in appellant's care. CSB developed a case plan for appellant to remain alcohol and drug free, to attend parenting classes, and to establish independent housing. On March 9, 1998, CSB filed a complaint alleging, interalia, that Justus was neglected and dependent, that appellant's whereabouts were unknown, that appellant was homeless, and that appellant had failed to provide Justus with necessities despite the fact that she was receiving aide for dependent children and money from relatives. That same day the juvenile court awarded CSB emergency temporary custody of Justus.
A case plan was filed on March 18, 1998, that required appellant to obtain appropriate housing and a job, to remain drug and alcohol free, to submit to random urine screens, to obtain counseling, to attend parenting classes, and to develop and maintain a relationship with Justus. On May 11, 1998, the trial court adjudicated Justus dependent, adopted the case plan, and granted temporary custody to CSB.
On July 29, 1998, Michael Brown was born to appellant and was immediately placed in CSB's custody. The case plan was amended to include Michael on September 15, 1998. Michael was adjudicated dependent, and CSB was granted temporary custody of him on September 25, 1998.
CSB filed a motion for permanent custody of Justus and Michael on November 20, 1998. A trial was held on February 3, 1999. The magistrate filed a written decision granting CSB's motion for permanent custody on March 3, 1999, to which appellant filed objections. The trial court overruled appellant's objections and adopted the magistrate's decision on August 30, 1999.[3]
Appellant timely appeals, asserting one assignment of error.
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY AWARDING PERMANENT CUSTODY OF THE CHILDREN TO CHILDREN SERVICES BOARD SINCE APPELLANT WAS NOT GIVEN THE TIME ALLOWED BY COURT ORDER TO COMPLETE THE CASE PLAN OBJECTIVES.
The juvenile court found by clear and convincing evidence that Justus Hogue and Michael Brown could not be placed with appellant, and that it was in the children's best interest if CSB were granted permanent custody. In cases not involving an abandoned or adopted child, a trial court must find, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody, and that the child cannot or should not be placed with either of the child's parents within a reasonable period of time. R.C.2151.414(B). Clear and convincing evidence is evidence that produces a firm belief or conviction as to the facts sought to be established in the mind of the trier of fact. In reRankin (Dec. 23, 1998), Summit App. No. 19118, unreported.
Appellant has not argued that the juvenile court's judgment was not based on clear and convincing evidence. Rather, appellant argues that she was not afforded the time set by the amended case plan to comply with the plan's objectives, and, therefore, it was an abuse of discretion for the trial court to adopt the magistrate's decision to terminate her parental rights. Appellant does not cite authority to support her position. Her reasoning is that if CSB had filed its motion for permanent custody approximately two months later than it did, which would have still been in compliance with R.C. 2151.145(A), "[a]ppellant would have had the time allowed by the plan to show compliance[.]" Appellant does not argue that, had she been granted extra time, she would have been able to comply with the case plan objectives; she only states that she had begun to show progress. It is also important to note that prior to the permanent custody trial, appellant never asked for an extension. The record shows that the first time appellant mentioned that she would like more time was on direct examination:
 Q:What are you asking this Court to do, this Magistrate, specifically today?
 A: If they can give me an extension.
 Q: What good would that do * * *?
 A: It would do a lot of good if I can get more drug testing and stuff in.
This Court finds appellant's arguments meritless. R.C.2151.415(A) requires CSB to file a motion for permanent custody "not later than thirty days prior to the earlier of the date for the termination of the custody order * * * or the date set at the dispositional hearing for the [permanent custody] hearing[.]" There is no statutory provision or case law that requires CSB to wait until thirty days prior to the date of termination of the custody order to file for permanent custody. Furthermore, this Court has held that the thirty-day provision is merely directory. See Endsley v.Endsley (1993), 89 Ohio App.3d 306, 308.
Appellant has conceded that she failed to comply with the case plan, but argues that she had begun to show progress. Appellant had over ten months to comply and only met one of the plan's objectives. The child Michael has never been in appellant's care and Justus only lived with appellant for the first few months of her life. The fact that appellant is beginning to make positive changes in her life is commendable; however, "there must be a point of finality where [the] child[ren] can no longer be kept in an uncertain and disruptive environment for an indeterminable amount of time. The child[ren] must be given the opportunity to find permanence and stability." In reSwisher (Apr. 2, 1997), Summit App. No. 17879, unreported, citingLorain Cty. Children Serv. v. Keene (1997), 118 Ohio App.3d 535. Furthermore, a review of the evidence reveals that the trial court's judgment was based on clear and convincing evidence.
Accordingly, appellant's sole assignment of error is overruled. The judgment of the court of common pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant. Exceptions.
 _____________________________ DONNA J. CARR, FOR THE COURT.
BAIRD, P.J. and SLABY, J. CONCUR.
[1] The child Michael Brown is also known as Michael Hogue.
[2] CSB has a long history with appellant. In 1994, CSB was granted permanent custody of another child named Michael Hogue, who was born to appellant on October 14, 1992.
[3] At the bottom the magistrate's March 3, 1999 entry, the trial court purported to adopt the magistrate's decision. The trial judge's name had been rubber stamped on the page and an unidentified individual's initials appear next to the stamp. There is no indication of the date that this transpired. On May 18, 1999, overruling appellant's objections, the trial court again purported to adopt the magistrate's March 3, 1999 decision. Appellant filed a notice of appeal from this order. This Court issued an order for appellant to demonstrate why the appeal should not be dismissed for lack of a final appealable order. Appellant supplemented the record with an entry by the trial court, dated August 30, 1999, that overruled appellant's objections and properly adopted the magistrate's opinion filed March 3, 1999.