HOWARD, APPELLANT, *v.* CATHOLIC SOCIAL SERVICES
OF CUYAHOGA COUNTY, INC., ET AL., APPELLEES.

[Cite as *Howard v. Catholic Social Serv. of Cuyahoga
Cty., Inc.* (1994), 70 Ohio St.3d 141.]

(Nos. 94–11 and 94–153—Submitted May 10, 1994—Decided August 31, 1994.)

142

*Michael D. Slodov,* for appellant.

*Albert E. Fowerbaugh,* for appellee Catholic Social Services of Cuyahoga County, Inc.

---

*Per Curiam.* In his first proposition of law, appellant asserts that the court of appeals erred in denying his petition for a writ of habeas corpus. CSS contends that appellant was not entitled to habeas corpus relief because the juvenile court possessed jurisdiction to issue the preadjudicatory emergency temporary custody orders. CSS relies upon R.C. 2725.05, which provides: "If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed." Pursuant to R.C. 2725.05, this court has generally limited issuance of the writ in order to preclude nonjurisdictional challenges. *Flora v. Rogers* (1993), 67 Ohio St.3d 441, 619 N.E.2d 690; *State ex rel. Dotson v. Rogers* (1993), 66 Ohio St.3d 25, 607 N.E.2d 453. In addition to such criminal cases, we have applied R.C. 2725.05 in habeas corpus cases that arose in the civil context as well. See, *e.g., In re Frinzl* (1949), 152 Ohio St. 164, 39 O.O. 456, 87 N.E.2d 583, paragraph three of the syllabus, applying the similarly worded statutory predecessor to R.C. 2725.05 to a child custody case; see, also, *Children's Home of Marion Cty. v. Fetter* (1914), 90 Ohio St. 110, 106 N.E. 761; *In re Gatti* (Oct. 16, 1990), Seneca App. No. 13–90–16, unreported, 1990 WL 157235; *Morton v. Ewers* (Oct. 15, 1982), Monroe App. No. 567, unreported, 1982 WL 6200. "A writ of habeas corpus will lie in child custody matters if the custody order in dispute was entered by a court without jurisdiction, thus being void *ab initio.*" *Beard v. Williams Cty. Dept. of Social Serv.* (1984), 12 Ohio St.3d 40, 41, 12 OBR 35, 36,

465 N.E.2d 397, 399; cf. *Reynolds v. Ross Cty. Children's Serv. Agency* (1983), 5 Ohio St.3d 27, 5 OBR 87, 448 N.E.2d 816.

In the case at bar, the juvenile court possessed basic statutory jurisdiction pursuant to R.C. 2151.23(A)(1) to consider the merits of the three filed complaints because they all alleged that Mary Beth was a dependent child. Furthermore, the juvenile court's dismissals of the first two complaints were pursuant to R.C. 2151.28(B)(3) ("in no case shall the dispositional hearing be held later than ninety days after the date on which the complaint was filed") and R.C. 2151.35(B)(1) ("dispositional hearing shall not be held more than ninety days after the date on which the complaint in the case was filed"). R.C. 2151.35(B)(1) further provides that "[i]f the dispositional hearing is not held within the period of time required by this division, the court, on its own motion or the motion of any party or the guardian ad litem of the child, shall dismiss the complaint without prejudice." The juvenile court fully complied with R.C. 2151.35(B)(1) by dismissing the first two dependency complaints when dispositional hearings were not held within the specified ninety-day period. However, since R.C. 2151.35(B)(1) expressly states that such dismissals are without prejudice, it was not deprived of jurisdiction to consider subsequently filed complaints. Based upon the foregoing, it is apparent that the juvenile court possessed jurisdiction to consider the third dependency complaint.

Nevertheless, as we recently held in *State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 635 N.E.2d 26, this conclusion does not end our inquiry into the propriety of habeas corpus, since R.C. 2725.05 should not be construed as controlling the exercise of original jurisdiction in habeas corpus constitutionally granted to courts of appeals and this court. *Stahl v. Shoemaker* (1977), 50 Ohio St.2d 351, 354, 4 O.O.3d 485, 487, 364 N.E.2d 286, 288. Therefore, in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty, habeas corpus will lie notwithstanding the fact that only nonjurisdictional issues are involved, so long as there is no adequate legal remedy, *e.g.*, appeal or postconviction relief. *State ex rel. Pirman, supra;* see, also, *In re Fisher* (1974), 39 Ohio St.2d 71, 68 O.O.2d 43, 313 N.E.2d 851 (habeas corpus will lie to determine whether a person was not afforded counsel and thereby denied due process in noncriminal civil commitment proceedings); and *In re Brown* (1973), 35 Ohio St.2d 9, 64 O.O.2d 5, 298 N.E.2d 579 (full hearing required on habeas corpus claim which alleged unlawful deprivation of custody because of denial of counsel in a neglect proceeding). Cf. *McGinty v. Jewish Children's Bur.* (1989), 46 Ohio St.3d 159, 161, 545 N.E.2d 1272, 1274 ("parental consent to an adoption order is the jurisdictional prerequisite which, if absent, allows the order to be attacked as void in a habeas corpus proceeding").

In the instant case, it is evident that the due process violations alleged by appellant, *i.e.,* the juvenile court's repeated failure to comply with the procedural and substantive requirements set forth in R.C. 2151.33 and 2151.419 regarding emergency temporary custody orders, were not of sufficient merit to require the extraordinary remedy of habeas corpus. Moreover, R.C. 2151.419 applies only to a child who has been removed from his home. Here, the complaint alleges not that CSS removed the child from any home but that it had the child voluntarily placed with it by Julie Howard, who misrepresented to CSS that appellant was not the child's biological father. Appellant's own transcript of the November 30, 1993 proceedings indicates that the juvenile court, in granting the last motion of CSS for emergency temporary custody, stated that appellant had testified that he was then unable to care for Mary Beth and that Julie Howard had permanently surrendered the child. Although appellant now claims that the juvenile court erred in relying on the evidence admitted in case No. 9311338 to resolve the emergency temporary custody motion in case No. 9315631, his counsel did not timely object during the hearing before the juvenile court.

Further, the verified complaint in case No. 9315631 alleged that appellant was an unfit parent because of, *inter alia,* alcoholism and substance abuse. As CSS notes, the juvenile court merely acted in the best interests of the child when it granted its emergency temporary custody order where the verified complaint indicated that neither parent was then able to care for her. Under these circumstances, any alleged failure by the juvenile court to fully comply with the statutes did not violate appellant's constitutional right to due process.

Finally, as the court of appeals held, habeas corpus is an extraordinary remedy and as with every extraordinary remedy is not available as a means of relief where there is an adequate remedy in the ordinary course of law. *In re Davis* (1985), 18 Ohio St.3d 226, 227, 18 OBR 285, 286, 480 N.E.2d 775, 776. Therefore, habeas corpus may not be used as a substitute for appeal. *McNeal v. Miami Cty. Children's Serv. Bd.* (1992), 64 Ohio St.3d 208, 210, 594 N.E.2d 587, 588. Habeas corpus relief is the exception to the general rule in child custody actions. *Id.;* cf. *Marich v. Knox Cty. Dept. of Human Serv.* (1989), 45 Ohio St.3d 163, 543 N.E.2d 776 (appeal not speedy enough where undue influence invalidated a permanent surrender agreement with a natural parent).

While appellant implicitly claims a jurisdictional defect by the juvenile court's continued grant of emergency temporary custody to CSS, a party challenging the court's jurisdiction generally has an adequate remedy at law via appeal from the court's holding that it has jurisdiction absent a patent and unambiguous lack of jurisdiction. *State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 78, 80, 573 N.E.2d 606, 608. As noted previously, appellant's jurisdictional claim is meritless. Moreover, as to his constitutional due process

claim, although appellant is correct that he possesses no immediate appeal from any preadjudicatory emergency temporary custody order, see Kurtz & Giannelli, Ohio Juvenile Law (2 Ed.1989) 112, Section T 7.07; cf. *In re Murray* (1990), 52 Ohio St.3d 155, 156, 556 N.E.2d 1169, 1170–1171, the absence of such remedy does not *per se* mean that an appeal following a determination of the permanent custody complaint is not an adequate remedy. Cf., *e.g., Wenzel v. Enright* (1993), 68 Ohio St.3d 63, 66, 623 N.E.2d 69, 72 (appeal following conviction and sentence an adequate remedy to address error in pretrial overruling of dismissal motion based on double jeopardy), and *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 631 N.E.2d 119 (appeal following conviction and sentence an adequate remedy to address pretrial grant of motion to disqualify counsel).

There may be certain extreme circumstances in which habeas corpus would lie where either one or a series of improperly entered emergency temporary custody orders is used solely to deprive natural parents of their paramount constitutional right to the care, custody, and management of their children, see, *e.g., Santosky v. Kramer* (1982), 455 U.S. 745, 753, 102 S.Ct. 1388, 1394, 71 L.Ed.2d 599, 606, and *In re Murray* (1990), 52 Ohio St.3d 155, 157, 556 N.E.2d 1169, 1171, without any findings as to parental suitability and the best interests of the children, but such extreme circumstances are not present in the case at bar.[1] The court of appeals thus properly denied appellant's petition for a writ of habeas corpus, and appellant's first proposition of law is overruled.

Appellant's second proposition of law asserts that the court of appeals erred in denying his Civ.R. 60(B)(5) motion for relief from judgment. The court of appeals overruled appellant's motion based on its rationale that appellant's pending appeal in this court from the court of appeals' judgment denying his petition for a writ of habeas corpus divested it of jurisdiction. When a case has been appealed, the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment. *Yee v. Erie Cty. Sheriff's Dept.* (1990), 51 Ohio St.3d 43, 44, 553 N.E.2d 1354, 1355; *In re Kurtzhalz* (1943), 141 Ohio St. 432, 25 O.O. 574, 48 N.E.2d 657, paragraph two of the syllabus. The issue presented by the court of appeals' decision is whether a trial court retains jurisdiction to consider a Civ.R. 60(B) motion for relief from judgment when an appeal from the same judgment is pending.

---

1. In *Linger v. Weiss* (1979), 57 Ohio St.2d 97, 11 O.O.3d 281, 386 N.E.2d 1354, this court held that a *three-year* delay following an adjudicatory hearing did not require habeas corpus relief. However, *Linger* was decided prior to the amendment of the statutory time requirements in R.C. 2151.-28(B)(3) and 2151.35(B)(1) and is of dubious continued vitality in abuse, neglect, and dependency proceedings. 2 Carr & Young, Anderson's Ohio Family Law (2 Ed.1989) 321, Section 20.13; Kurtz & Giannelli, *supra*, at 111, Section T 7.07.

Although some Ohio appellate courts have adopted the view that trial courts can consider the merits of Civ.R. 60(B) motions without interfering with reviewing courts' appellate jurisdiction, see, *e.g., Bank One, Columbus, N.A. v. O'Brien* (Dec. 31, 1991), Franklin App. Nos. 91AP–165 and 91AP–440, unreported, at 23, 1991 WL 281436; *Day v. MacDonald* (1990), 67 Ohio App.3d 240, 586 N.E.2d 1135; see, also, Whiteside, Ohio Appellate Practice (1993) 20–21, T 1.09(C), supporting the foregoing view, we have expressly held that an appeal divests trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment. *State ex rel. East Mfg. Corp. v. Ohio Civ. Rights Comm.* (1992), 63 Ohio St.3d 179, 181, 586 N.E.2d 105, 107, citing *Klinginsmith v. Felix* (1989), 62 Ohio App.3d 147, 574 N.E.2d 1142, with approval. Jurisdiction may be conferred on the trial court only through an order by the reviewing court remanding the matter for consideration of the Civ.R. 60(B) motion. *Id.* at 151, 574 N.E.2d at 1144; *Majnaric v. Majnaric* (1975), 46 Ohio App.2d 157, 75 O.O.2d 250, 347 N.E.2d 552. Therefore, the court of appeals correctly held that it lacked jurisdiction to consider the merits of appellant's Civ.R. 60(B) motion.

Accordingly, for the foregoing reasons, the judgments of the court of appeals are affirmed.

*Judgments affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur.

PFEIFER, J., concurs in judgment.

PFEIFER, J., concurring in judgment. While I agree with the result reached by the majority, the opinion goes too far by unnecessarily discussing other scenarios where habeas corpus relief is not warranted. This extraneous analysis may affect future cases that are unimagined by the court today.