**[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 618.]**

OFFICE OF DISCIPLINARY COUNSEL *v.* SLODOV.

**[Cite as *Disciplinary Counsel v. Slodov*, 1996-Ohio-243.]**

*Attorneys at law—Misconduct—Public reprimand—Advising or causing person to secrete himself or to leave jurisdiction of a tribunal for the purpose of making himself unavailable as a witness therein—Conduct prejudicial to the administration of justsice—Conduct that adversely reflects on fitness to practice law.*

(No. 95-2176—Submitted December 6, 1995—Decided February 28, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-62.

_____

{¶ 1} Relator, Office of Disciplinary Counsel, charged respondent, Michael D. Slodov of Cleveland, Ohio, Attorney Registration No. 0051678, with one count of professional misconduct involving violations of DR 7-109(B) (advising or causing person to secrete himself or to leave the jurisdiction of a tribunal for the purpose of making himself unavailable as a witness therein), 1-102(A)(5) (conduct prejudicial to the administration of justice), and 1-102(A)(6) (conduct that adversely reflects on fitness to practice law). A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter on December 20, 1994.

{¶ 2} The stipulations, testimony, and exhibits submitted at the hearing established that respondent was admitted to the Ohio Bar in 1991. In December 1992, he was appointed counsel for the biological father of an alleged dependent child in *In the Matter of Mary Beth*, case No. 9214817, a cause that had been recently filed in the Cuyahoga County Court of Common Pleas, Juvenile Division. In September 1993, Judge Robert A. Ferreri dismissed the cause without prejudice

pursuant to R.C. 2151.35 (B)(1), which imposes a ninety-day deadline from the filing of the complaint for adjudicating the issue of dependency and holding a dispositional hearing, but allows a dismissal without prejudice if the deadline is missed. The court also accepted the filing of a new complaint alleging the child's dependency, assigning it case No. 9311338.

{¶ 3} Judge Ferreri conducted proceedings and heard evidence in case No. 9311338 on November 16, 22, 23, 24, 29, and 30, 1993, the ninetieth day after the filing of the second complaint. During the proceedings on November 29, respondent argued that case No. 9311338 should be dismissed, but this time with prejudice, because the juvenile court could not conduct the timely dispositional hearing required by R.C. 2151.35(B)(1), which respondent maintained was a jurisdictional requirement. In arguing that the ninety-day deadline was jurisdictional, respondent apparently intended also to establish that the repeated failure to comply with it effectively denied his client's parental rights without due process of law.[1] Judge Ferreri, however, advised the plaintiffs that they should be prepared to file another new complaint.

{¶ 4} On the morning of November 30, Judge Ferreri heard the biological father complete his direct testimony and called a short recess before cross-examination. During the recess, respondent advised his client that he considered the R.C. 2151.35(B)(1) deadline a jurisdictional prerequisite to the juvenile court's authority to determine dependency, that the case was over, and that his client could leave the courthouse. He also suggested that his client avoid going directly home so that respondent could honestly advise Judge Ferreri, if asked, that he could not produce his client. The biological father left as instructed.

---

1. Respondent's argument as to the deadline being a jurisdictional requirement was rejected in *Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.* (1994), 70 Ohio St.3d 141, 144, 637 N.E.2d 890, 893.

**{¶ 5}** When the proceedings in case No. 9311338 reconvened, respondent presented a motion to dismiss to Judge Ferreri, asserting again his position that the court had no jurisdiction to proceed. Respondent further advised the juvenile court that he intended to seek a writ of prohibition and preliminary injunction in the court of appeals to stop the court from proceeding on yet a third complaint. The following colloquy also took place:

"The Court: Please be seated. Where is your client?

"Mr. Slodov: I instructed him to leave, Your Honor.

"The Court: Leave what?

"Mr. Slodov: This courtroom. I'll hand the Court now a --

"The Court: Wait, wait, wait. You instructed him to leave the courtroom?

"Mr. Slodov: --complaint for written [*sic*] prohibition.

"The Court: Wait, wait. Answer my question.

"Mr. Slodov: Motion for preliminary injunction and a copy of a motion for waiver of filing fees that I intend to file with the court of appeals.

"The Court. Wait a minute. You instructed your witness to leave?

"Mr. Slodov: Yes, Your Honor.

"The Court: Why would you do that?

"Mr. Slodov: Your Honor, this court no longer has jurisdiction to adjudicate this matter. This matter is barred by operation of law. The Court has before it a motion [to dismiss] that's been filed this morning and I think the Court should take up immediate consideration of the motion.

"The Court: Let me just understand what happened here, Mr. Slodov. You just directed your client to leave the witness stand, having just put evidence before the Court, not affording opposing counsel an opportunity to cross-examine him and he's left the courthouse? That's my understanding. Am I missing something here?

"Mr. Slodov: Your Honor, we took a five minute recess after my client finished his--

"The Court: It's ten minutes so where is he?

"Mr. Slodov: A ten minute recess. During that period of time I filed a motion to dismiss. The Court as well as every other party by counsel has received a copy of the motion, has had an opportunity to review it. I think the facts and the law are very clear. By operation of law this court no longer has jurisdiction in this case. I think the Court should take up immediate consideration of the motion to dismiss.

"The Court: Let me advise you, Mr. Slodov. I don't know where your client is but I think you should get him back in here forthwith. Do you understand me, sir?

"Mr. Slodov: Yes, Your Honor. I understand.

"The Court: Well, get him in here.

"Mr. Slodov: He's not available, Your Honor.

"The Court: Well, find him.

"Mr. Slodov: He's left the building.

"The Court: Under your direction?

"Mr. Slodov: Yes, Your Honor.

"The Court: Do you have any additional evidence to put on?

"Mr. Slodov: I'd ask the Court again to take up immediate consideration of the motion to dismiss.

"The Court: Answer my question. Do you have any further evidence to put on, sir?

"Mr. Slodov: I've answered the question, Your Honor.

"The Court: Answer it again. Do you have any further evidence to put on? Do you have any additional witnesses, Mr. Slodov? Do you have any additional witnesses?

"Mr. Slodov: Your Honor, I've answered the question.

"The Court:  Mr. Slodov, I'm asking you a direct question.  I'm directing you to answer it.  Do you intend to put on any additional witnesses at this time?

"Mr. Slodov:  Your Honor, I think the Court should take up immediate consideration of the motion to dismiss on the grounds this court no longer has jurisdiction in this case.

"The Court:  Mr. Slodov, I've asked you to answer a direct question.  Are you refusing to answer a direct question?

"Mr. Slodov:  I've answered the question to the best of my ability, Your Honor.

"The Court:  Answer it right now, Mr. Slodov.

"Mr. Slodov:  I have, Your Honor.

"The Court:  You have what?

"Mr. Slodov:  Answered your question.

"The Court: You're trying to get me to hold you in contempt, Mr. Slodov.  You're trying for me to have a mistrial declared.  I'm not going to fall into that trap.

"What I'm asking you, Mr. Slodov, is in the event you have additional witnesses, I invite you to put them on.

"Do you have any additional witnesses?  Yes or no.

"Mr. Slodov:  Again, Your Honor.  I'd ask the Court to take up immediate consideration of the motion to dismiss that's pending before it which advises and apprises the court of the fact that this court no longer has jurisdiction and this case must be dismissed as a matter of law.

"And I'd ask the Court to abide by the law and dismiss this case at this time.

"The Court:  Mr. Slodov, I'm asking you to answer my question.  Do you have any additional witnesses to put on right now?  Do you, sir?

"Mr. Slodov:  Your Honor, I believe I've answered your question.

"The Court: We'll take a five minute recess. You're not to leave this area. That's a direct order. You are not to leave this courtroom. Do you understand that, Mr. Slodov?

"Mr. Slodov: Yes, Your Honor.

"The Court: Anyone else can go."

{¶ 6} After approximately one and one-half hours, the juvenile court returned to session. At that time, Judge Ferreri granted respondent's motion to dismiss and accepted the filing of a new complaint. With respect to the motion to dismiss, Judge Ferreri explained that he was granting the motion even though the proceedings in case No. 9311338 might have continued until the end of that ninetieth day, and the motion was, therefore, premature. Judge Ferreri then proceeded to make the appointments and rulings necessitated by the new complaint, and in the midst of those proceedings, respondent stood up and began collecting his papers and briefcase. This exchange took place:

"The Court: Mr. Slodov, are you going somewhere?

"Mr. Slodov: I'm leaving, Your Honor. You just dismissed the case. I have no further business before the Court.

"***

"The Court: Court is still in session, Mr. Slodov.

"(Mr. Slodov left the courtroom.)

"The Court: I can deal with that behavior at another point in time. I don't think it's proper for me to do it right now.

"What I want to do is let you finish your presentation. I didn't expect him to get up and leave. I'm sorry."

{¶ 7} In addition to the ninety-day deadline, R.C. 2151.35(B)(1) also stipulates that the dispositional hearing in a dependency case must be held at least one day after the adjudicatory hearing. Thus, even if the adjudicatory hearing in case No. 9311338 had been completed on November 30, a dispositional hearing

still could not have been commenced on that day unless the biological father and other parties waived the required delay. Given respondent's history of contentiousness on his client's behalf, no one involved in the case seriously expected him to waive. Even so, Judge Ferreri had hoped to gain the parties' agreement to at least complete the biological father's cross-examination on November 30. Respondent's release of his client destroyed all hope of cross-examination.

{¶ 8} Although respondent believed he had done his very best for his client, he characterized his abrupt exit from Judge Ferreri's courtroom and the release of his client, the first of which was televised by Court TV, as errors in judgment. Respondent apologized for what in retrospect seemed to be irrational behavior.

{¶ 9} The panel found respondent in violation of DR 7-109(B) and 1-102(A)(5) and (6) because he deliberately instructed his client to be unavailable for cross-examination, he refused to directly answer the juvenile court's questions about anticipated witnesses, and he impertinently left the courtroom during proceedings in which he represented a party. The panel recommended the sanction recommended by relator--that respondent receive a public reprimand for this misconduct.

{¶ 10} The board adopted the panel's findings of fact, conclusions of law, and recommendation.

————————————

*Geoffrey Stern*, Disciplinary Counsel, and *Alvin E. Mathews*, Assistant Disciplinary Counsel, for relator.

*Michael D. Slodov*, *pro se.*

————————————

***Per Curiam.***

**{¶ 11}** Upon review of the record, we concur in the board's findings of misconduct and recommended sanction. Respondent is therefore publicly reprimanded for his violations of DR 7-109(B) and 1-102(A)(5) and (6). Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

———————————