OPINION
Defendant-appellant, Kevin Spencer, appeals the decision of the Butler County Court of Common Pleas granting the motion of plaintiff-appellee, Mona Rae Wilder, to set aside an arbitration award in favor of appellant.
On June 14, 1996, the parties were involved in an automobile accident in which appellant allegedly rear-ended appellee's vehicle. Appellee and her minor daughter, Melissa, both suffered injuries as a result of the accident. On June 19, 1998, appellee filed a complaint in the trial court seeking damages from appellant. Appellee instituted the action both individually and as parent and next friend of Melissa. Appellant timely filed his answer.
On October 5, 1998, a pre-trial conference was held at which counsel for the parties agreed to arbitrate the matter on January 19, 1999. On October 14, 1998, the trial court filed an entry dismissing appellee's individual claims with prejudice, leaving only those claims on behalf of Melissa. On October 15, 1998, notices of arbitration proceedings were sent to the parties for the hearing on January 19, 1999.
On January 19, 1999, the arbitration hearing was held. Two of the three arbitrators and appellee's counsel failed to appear. The arbitration panel chairman found in favor of appellant. The arbitration award was filed on January 21, 1999. On February 10, 1999, an agreed entry was filed granting appellee an extension of time in which to appeal to the trial court the arbitration award. Appellee did not appeal the arbitration award within the extended time.
On March 31, 1999, appellee filed a motion to set aside the arbitration award. Appellee also sought to set aside a March 31, 1999 judgment in favor of appellant, even though no such judgment exists.
On April 15, 1999, the trial court filed a judgment entry dismissing with prejudice the claims on behalf of Melissa. On May 14, 1999, appellee filed a notice of appeal from the April 15, 1999 judgment entry.
On June 3, 1999, the trial court filed an entry granting appellee's motion to set aside the arbitration award. The trial court also set aside its April 15, 1999 entry dismissing appellee's claims on behalf of Melissa. Appellant appeals the June 3, 1999 entry raising a single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN GRANTING APPELLEE'S MOTION TO SET ASIDE THE ARBITRATION REPORT AND AWARD AND JUDGMENT ENTRY.
 In his sole assignment of error, appellant contends that the trial court lost jurisdiction over the cause when appellee filed her May 14, 1999 notice of appeal. Appellant argues that, as a result, the trial court was precluded from granting appellee's motion to set aside the arbitration award and setting aside its April 15, 1999 judgment entry.
Although styled as a "motion to set aside," appellee's motion was, in effect, a Civ.R. 60(B) motion for relief from judgment. The Supreme Court of Ohio has expressly held that "an appeal divests trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment." Howard v. Catholic Soc. Serv.
(1994), 70 Ohio St.3d 141, 147, reconsideration denied, 70 Ohio St.3d 1457. Once a notice of appeal has been filed, the trial court may regain jurisdiction over the matter only through an order of the appellate court remanding the matter for consideration of the Civ.R. 60(B) motion. Id.
Once appellee filed her notice of appeal on May 14, 1999, the trial court lost jurisdiction to consider her previously filed Civ.R. 60(B) motion. Howard. The decision of the trial court granting appellee's motion and setting aside the arbitration award and judgment entry is therefore vacated. We note that appellee's appeal filed on May 14, 1999 is still pending before this court, and the trial court is accordingly still barred from taking any action which would interfere with this court's ability to review the May 14, 1999 appeal. Howard. Appellant's assignment of error is sustained.
Judgment vacated.
POWELL, P.J., and WALSH, J., concur.