OPINION
Bobby Hill and National Brokers, Inc. appeal from a final judgment adopting a magistrate's decision that Althea Outen recover $175,975 as damages sustained in a motor vehicle accident. A third, unserved defendant, Larry Rodgers, is not a party to this appeal.
Hill and National advance two assignments of error.
 1. THE COURT ERRED IN GRANTING A DEFAULT JUDGMENT AGAINST DEFENDANTS BOBBY HILL AND NATIONAL BROKERS, INC.
 2. THE COURT ABUSED DISCRETION IN REFUSING TO GRANT RELIEF FROM JUDGMENT.
The procedural history is germane to the resolution of these assignments.
1) Outen filed her complaint July 23, 1999.
 2) Certified mail service was made on Hill and National July 29, 1999.
 3) Outen moved for default judgment against Hill and National October 26, 1999, on the basis that they were in default for want of answer.
 4) Default judgment was filed as to Hill and National October 28, 1999, and the matter was scheduled for a damages hearing before a magistrate December 10, 1999.
 5) Hill and National did not appear at the magistrate's hearing. On December 22, 1999, the magistrate's decision was filed, recommending that Outen be awarded $175,975.
 6) On December 29, 1999, Hill, National, and a third defendant, Larry Rodgers — who had not been served with the complaint — filed an appearance by counsel. A motion for relief from judgment pursuant to Civ.R. 60(B), an answer and an objection to the decision of the referee were filed January 5, 2000.
 7) On January 10, 2000, the trial court entered judgment on the magistrate's decision, awarding Outen $175,950, specifically noting the absence of objections to the magistrate's decision.
 8) On January 14, 2000, the trial court referred the 60(B) motion to the magistrate.
 9) On February 9, 2000, Rogers, Hill, and National filed a notice of appeal from the January 10, 1999 judgment.
 10) On June 8, 2000, pursuant to remand from this court, the trial court acknowledged that the complete affidavit of defendant's counsel and the objection referred to above had been properly filed but were not before the court when final judgment was entered.
 * * *
Hall and National argue in their first assignment that the trial court should have required more of Outen than what appeared in her complaint. We disagree. Outen alleged a cause of action for negligent operation proximately resulting in injury and damages to herself, and respondeatsuperior so as to implicate the liability of Hill and National. Hill and National were in default for appearance and answer and under the circumstances, the trial court was not required to look behind the complaint before rendering a default judgment as to liability.
The first assignment is overruled.
Although Hall and National claim the trial court erred in not granting them relief from judgment, according to the record before us, the trial court has never acted on the defendants' Civ.R. 60(B) motion. As noted above, that motion was referred to the magistrate January 14, 2000, and no doubt remains pending because once the notice of appeal from the January 10, 2000 judgment was filed, the trial court was divested of jurisdiction to decide the motion. Howard v. Catholic Social Services ofCuyahoga County, Inc. (1994), 70 Ohio St.3d 141, 146-7.
Although Hall and National did file an objection to the magistrate's decision January 5, 2000, that objection was completely ineffective, containing only a general objection "both as to the findings of fact and conclusions of law." Civ.R. 53(E)(3)(b). No transcript was filed as to the magistrate's findings of fact. Indeed, Hall's and National's objection had more to do with their Civ.R. 60(B) motion than error by the magistrate.
The Civ.R. 60(B) motion is the appropriate vehicle for Hall and National to use in seeking relief from judgment. Prior to the trial court's rendering judgment January 10, 2000, that motion was premature. The trial court referred it for determination promptly after rendering judgment. From our record, it does not appear to have been decided, no doubt because of the pending of this appeal. If this be so, Hall and National should seek a ruling on their Civ.R. 60(B) motion upon completion of these appellate proceedings, when the trial court will again have jurisdiction to decide this motion.
The second assignment is overruled.
The judgment will be affirmed.
BROGAN, J. and YOUNG, J., concur.