OPINION
Defendants-appellants Sharon D. Cassel, et al. appeal the June 21, 2000 Judgment Entry of the Richland County Court of Common Pleas, approving and adopting the magistrate's May 10, 2000 Decision as the judgment and order of the court. Plaintiff-appellee is Theresa Rafeld.
 STATEMENT OF THE CASE
On September 25, 1998, appellee filed a Complaint in the Richland County Court of Common Pleas, naming Sharon D. Cassel, Virginia Moore, John Doe Prior Owner or Broker of "Jesse" the horse, and Jane Doe Prior Owner of "Jesse" as defendants. The complaint alleged violations of the Uniform Commercial Code and the Ohio Consumer Sales Practices Act, arising out of the sale of a gelding quarter horse from appellants to appellee. Appellants Cassel and Moore filed timely answers to the complaint. Appellee filed her first Amended Complaint on February 24, 1999, naming appellant Robert Augusta as John Doe defendant and Sharon Braumberns as Jane Doe defendant. Appellee voluntarily dismissed Sharon Braumberns as a defendant on June 21, 1999. With leave of court, appellant Robert Augusta filed his answer on September 23, 1999. Appellee filed a motion for continuance of the trial, stating as her reason her inability to contact Attorney Ronald Stocker, counsel for appellants, in order to arrange the deposition of appellant Augusta. Via Judgment Entry filed November 9, 1999, the trial court granted appellee's motion for continuance and rescheduled the trial for February 11, 2000. A hand written notation on the left lower corner of the judgment entry indicates the document was carbon copied to Attorney Mark Cockley, counsel for appellee, and Attorney Stocker. Next to Attorney Stocker's name appears a checkmark, the date (11-9-99), and the initials "DR." The docketing sheet reveals a postage fee was assessed to Attorney Stocker on November 9, 1999. Neither Attorney Stocker nor appellants appeared on the scheduled trial date. The magistrate, nonetheless, proceeded with the bench trial. Via Magistrate's Decision filed May 10, 2000, the magistrate rendered judgment in favor of appellee and against appellants in the amount of $2,100. The trial court approved and adopted the magistrate's decision via Judgment Entry filed June 21, 2000. On July 20, 2000, appellants filed a Motion for Relief from Judgment pursuant to Civ.R. 60(B) and a Notice of Appeal. The trial court has not ruled on appellants' 60(B) motion. It is from the June 21, 2000 Judgment Entry appellants prosecute their appeal, raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN GRANTING A JUDGMENT TO THE PLAINTIFF-APPELLEE WITHOUT THE DEFENDANTS-APPELLANTS BEING NOTIFIED OF THE TRIAL DATE AND BEING GIVEN THE OPPORTUNITY TO PRESENT THEIR DEFENSE TO THE COMPLAINT.
 II. THE TRIAL COURT COMMITTED ERROR IN FAILING TO GRANT THE DEFENDANTS-APPELLANTS RELIEF FROM JUDGMENT PURSUANT TO OHIO CIVIL RULE 60(B).
 I
In their first assignment of error, appellants maintain the trial court erred in granting judgment in favor of appellee when appellants were not notified of the trial date; therefore, not given the opportunity to defend. Because the record at the time the judgment was entered belies such an assertion, we overruled appellants' first assignment of error. As set forth in our Statement of the Case, supra, the November 9, 1999 Judgment Entry, which rescheduled the trial from October 4, 1999, to February 11, 2000, was carbon copied to Attorney Stocker. Additionally, the docketing sheet reveals a postage fee was assessed to Attorney Stocker for the mailing. Accordingly, appellants' first assignment of error is overruled.
 II
In their second assignment of error, appellants contend the trial court erred in failing to grant their Civ.R. 60(B) motion for relief from judgment. Appellants filed their 60(B) motion and their notice of appeal on the same day, July 20, 2000. Upon the filing of the notice of appeal, the trial court was without jurisdiction to determine appellants' motion for relief from judgment. Howard v. Catholic Social Serv. of Cuyahoga County, Inc. (1994), 70 Ohio St.3d 141, 147. Upon entry of our judgment in this appeal, the trial court will have jurisdiction to rule on appellants' Civ.R. 60(B) motion. Appellants' second assignment of error is overruled as premature.
The judgment of the Richland County Court of Common Pleas is affirmed.
 ______________ Hoffman, P.J.
Wise, J. and Boggins, J. concur