This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Frederick Marshall, appeals the decision of the Lorain County Court of Common Pleas. This Court affirms.
 I.
{¶ 2} Appellant was indicted on one count of domestic violence, a violation of R.C. 2919.25(A), one count of abduction, a violation of R.C. 2905.02(A)(2), and two counts of felonious assault, a violation of R.C. 2903.11(A)(1) and (A)(2). Each felonious assault charge contained a firearm specification.
{¶ 3} Appellant pled not guilty and the case proceeded to trial. The jury found appellant guilty on all counts, including the firearm specifications. The trial court sentenced appellant to a total of six years imprisonment.
{¶ 4} On January 23, 2001, appellant filed a notice of appeal in this Court. This Court affirmed appellant's convictions in a journal entry, which was journalized on December 27, 2001. State v. Marshall
(Dec. 27, 2001), 9th Dist. No. 01CA007773. On February 7, 2002, appellant filed a notice of appeal with the Supreme Court of Ohio. On March 4, 2002, appellant filed a motion for an evidentiary hearing pursuant to Crim.R. 6(E) for violation of Crim.R. 6(E). The trial court dismissed appellant's motion for an evidentiary hearing for lack of jurisdiction in an entry journalized March 7, 2002.
{¶ 5} Appellant timely appealed, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR {¶ 6} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ERRONEOUSLY DISMISSED APELLANT'S PRO-SE MOTION FOR A CRIM.R. 6(E) EVIDENTIARY HEARING FOR VIOLATION OF CRIM.R. 6(E) BY THE STATE, WITHOUT FIRST DETERMINING (1) WHETHER APPELLANT ESTABLISHED A PRIMA FACIE SHOWING THAT THE STATE VIOLATED CRIM.R. 6(E); (2) WHETHER THE STATE ESTABLISHED AND SUSTAINED ITS BURDEN OF PROOF TO THE CONTRARY OF APPELLANT'S ALLEGATIONS; AND (3) WHETHER THE APPELLANT WAS ENTITLED TO AN EVIDENTIARY HEARING, IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION."
{¶ 7} Appellant argues that the trial court erred in dismissing his motion for an evidentiary hearing pursuant to Crim.R. 6(E). This Court disagrees.
{¶ 8} The Supreme Court of Ohio has consistently held that once an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment. See, generally, Howard v.Catholic Social Serv. of Cuyahoga Cty., Inc. (1994), 70 Ohio St.3d 141,146-147.
{¶ 9} In his motion entitled "Motion For Crim. R. 6(E) Evidentiary Hearing," appellant is asking the trial court to reverse his conviction. If the trial court were to rule on appellant's motion, it would be interfering with the Supreme Court of Ohio's jurisdiction to reverse, modify or affirm his conviction. See Howard, 70 Ohio St.3d at 146-147.
{¶ 10} Appellee, argues that appellant's appeal is also barred by res judicata. This Court agrees.
{¶ 11} "The doctrine of res judicata establishes that `a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.'" State v. D'Ambrosio
(1995), 73 Ohio St.3d 141, 142, quoting State v. Perry (1967),10 Ohio St.2d 175, 180.
{¶ 12} Appellant appealed his conviction to this Court on January 23, 2001. In appellant's second assignment of error, he argued "the trial court erred as a matter of law in allowing the prosecutor to use the alleged victim's grand jury testimony to impeach the alleged victim. As stated previously, this Court affirmed appellant's convictions. State v.Marshall (Dec. 27, 2001), 9th Dist. No. 01CA007773. In that opinion, this Court found that appellant failed to object to the use of the grand jury testimony during trial. Thus, the issue was deemed waived. Therefore, the doctrine of res judicata bars appellant from raising this issue in the present appeal.
{¶ 13} Appellant's sole assignment of error is overruled.
 III
{¶ 14} The judgment of the Lorain County Court of Common Pleas is affirmed.
SLABY, P.J., BATCHELDER, J. CONCUR.