DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an award of a civil stalking protection order by the Erie County Court of Common Pleas. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Appellant, John R. Wilhelm, and appellee, Cheryl L. Wilhelm, were divorced in 2001. Subsequently, as the result of appellant's Vermillion Municipal Court conviction for disorderly conduct with persistence, the court ordered him to have no contact with appellee for a period of two years.
 {¶ 3} On September 18, 2003, appellee petitioned the trial court for a civil stalking protective order, alleging that since the municipal court order, appellant had made numerous threatening phone calls to her home and work, and had vandalized her car. The same day, the court issued the protective order ex parte and set a September 25, 2003 hearing date to consider extending the effective time of the order.
 {¶ 4} Notified of the hearing date, appellant, through counsel, requested a continuance. The court granted appellant's request, rescheduling the hearing for October 2, 2003. When appellant failed to appear on that date, the court proceeded with the hearing, found appellee's allegations proven and ordered the protective order extended for a period of five years. From that order, appellant now brings this appeal setting forth the following assignments of error:
 {¶ 5} "1. The trial court erred as a matter of law in conducting a full hearing upon appellee's petition for civil stalking protection order without giving the appellant prior notice of the full hearing and an opportunity to defend against the evidence presented at the full hearing.
 {¶ 6} "2. The trial court erred as a matter of law in denying appellant's motion to vacate the CSPO [civil stalking protection order] as the trial court was without jurisdiction to rule upon the motion."
 I. {¶ 7} In his first assignment of error, appellant asserts that he was not notified of the new hearing date and was, therefore, denied due process.
 {¶ 8} At a minimum, due process of law requires notice of a hearing and an opportunity to be heard. Mathews v. Eldridge
(1976), 424 U.S. 319, 348. However, "* * * Ohio Courts have traditionally held that while some form of notice of a trial date is required to satisfy due process, an entry of the date of trial on the court's docket constitutes reasonable, constructive notice of that fact." Ohio Valley Radiology Assoc. v. Ohio Valley Hosp.Assoc. (1986), 28 Ohio St.3d 118, 124.
 {¶ 9} In this case, the trial court journalized an entry on September 26, 2003 which stated, "J.E. filed. Respondent's Motion for continuance of Sept. 25, 2003 hearing is granted. Hearing is rescheduled to Oct. 2, 2003 at 10:15 A.M. Previous orders of the Court remain in effect."
 {¶ 10} Appellant, through counsel, requested a continuance of the hearing. The docket sheet noted this request, as well as the new hearing date. This constitutes constructive notice of the rescheduled hearing. Appellant's first assignment of error is found not well-taken.
 II. {¶ 11} Appellant next contends that the trial court was without jurisdiction to rule upon appellant's motion to vacate the civil stalking protection order.
 {¶ 12} Appellant filed a motion for relief from judgment, pursuant to Civ.R. 60(B), before the trial court. This court remanded the case and directed the trial court to rule on appellant's motion. On February 23, 2004, the trial court reviewed the record and found appellant received notice of the hearing. As a result, the court denied appellant's motion for relief from judgment.
 {¶ 13} If an appeal is pending, the trial court does not have jurisdiction to consider a Civ.R. 60 motion for relief from judgment, unless the reviewing court remands the matter for consideration of the motion. Howard v. Catholic Social Serv. ofCuyahoga Cty., Inc. (1994), 70 Ohio St.3d 141, 147. This Court remanded the case at issue to the trial court to determine the merits of Civ.R. 60(B) motion to vacate. Accordingly, appellant's second assignment of error is also found not well-taken.
 {¶ 14} On consideration, the judgment of the Erie County Court of Common Pleas is affirmed. Pursuant to App.R. 24, costs assessed to appellant.
JUDGMENT AFFIRMED.