OPINION
{¶ 1} Michael Zimmer appeals from the trial court's judgment in favor of Beach Manufacturing Company upon its summary judgment motion. On September 16, 2003, Zimmer filed a wrongful discharge action against Beach contending that he was terminated from his employment as a result of age discrimination and in violation of the public policy of the State of Ohio. On October 14, 2003, Beach answered and denied the allegation of Zimmer's complaint and also asserted the defense of the statute of limitations. On February 22, 2005, Beach was granted leave to file a summary judgment motion by March 8, 2005 with Zimmer to respond to the motion by March 21, 2005.
 {¶ 2} On March 7, 2005, Beach moved for summary judgment based on the six month statute of limitation period for age discrimination found at R.C. 4112.02(N). Beach noted in its motion that Zimmer stated in its complaint that his last day of employment was February 28, 2003 and the complaint was filed on September 16, 2003 (more than six months after the alleged unlawful discriminating practice). On March 22, 2005, Zimmer filed his memorandum in opposition to Beach's motion and informed the court he would be filing a motion for leave to file an amended complaint for age discrimination pursuant to R.C. 4112.14
which he contended had a six (6) year limitations period. On March 22, 2005, Zimmer moved to amend his complaint to raise an age discrimination claim pursuant to R.C. 4112.14. The trial court never addressed Zimmer's motion to amend. On March 29, 2005, the trial court granted Beach's motion on the basis of the limitations defense. The trial court also granted Beach's motion on the public policy claim as well because Beach had established an overriding legitimate business interest for terminating Zimmer and maintaining a younger employee who could be utilized in a more versatile manner during slower business climate.
 {¶ 3} On April 14, 2005, Zimmer moved the trial court for relief from judgment pursuant to Civ.R. 60(B)(1). He contended that his counsel had miscalculated the date for responding to Beach's summary judgment motion and that he should be relieved from the summary judgment for counsel's excusable neglect. He also asserted that he had a meritorious claim for relief that should be heard on the merits. On April 28, 2005, before the trial court could rule upon his motion, Zimmer filed his appeal with this court.
 {¶ 4} In a single assignment of error Zimmer contends the trial court erred in denying his motion for relief from judgment although he acknowledges in his appellate brief that the trial court never ruled on his Civ.R. 60(B) motion apparently because the trial court saw that Zimmer had perfected an appeal to this court of the summary judgment.
 {¶ 5} In Howard v. Catholic Social Serv. Of Cuyahoga Cty.Inc. (1994), 70 Ohio St.3d 141, the Ohio Supreme Court reiterated its position that an appeal divests the trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment.
 {¶ 6} Accordingly, the judgment of the trial court entered on March 29, 2005 is Affirmed.
Grady, P.J., and Fain, J., concur.