[Cite as *Citimortgage, Inc. v. Russ*, 2011-Ohio-5093.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| CITIMORTGAGE, INC. | : | William B. Hoffman, P.J. |
|  | : | Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 11-CA-31 |
|  | : |  |
|  | : |  |
| MARY RUSS, et al., | : | O P I N I O N |
|  |  |  |
| Defendants-Appellants |  |  |

CHARACTER OF PROCEEDING:    Civil Appeal from Licking County
Court of Common Pleas Case No.
2010CV01264

JUDGMENT:    Affirmed In Part, Vacated
and Remanded In Part

DATE OF JUDGMENT ENTRY:    September 30, 2011

APPEARANCES:

For Plaintiff-Appellee                    For Defendants-Appellant

THOMAS L. HENDERSON                ROSS A. GILLESPIE
Lerner, Sampson & Rothfuss            Gillespie & Johnston, LLC
120 East Fourth Street, Eight Floor     5650 Blazer Parkway
Cincinnati, Ohio 45202                   Dublin, Ohio 43017

For Defendant-Licking County Treasurer

DENNIS DOVE
20 South Second Street
Newark, Ohio 43055

*Edwards, J.*

{¶1} Appellant, Mary Russ, appeals the February 28, 2011, judgment of the Licking County Common Pleas Court confirming the order of sale on her home, which had been foreclosed on by default judgment entered September 23, 2010. Appellee is Citimortgage, Inc.

STATEMENT OF FACTS AND CASE

{¶2} Appellee filed the instant foreclosure action against appellant on August 17, 2010. On August 24, 2010, the docket shows service of the action was perfected by certified mail, received by "Cena Mascan." Appellant failed to answer the complaint. The trial court granted default judgment on September 23, 2010. An order confirming the sale of the property was entered on February 28, 2011.

{¶3} Appellant filed a motion to vacate pursuant to Civ. R. 60(B) on March 7, 2011, alleging that receipt of service was signed by her 13-year-old daughter, and appellant had no notice of the filing of the complaint until a tag was placed on the door of her home indicating it had been sold. On March 23, 2011, she filed an appeal from the February 28, 2011 order confirming the sale. The trial court found on April 12, 2011, that the notice of appeal divested it of jurisdiction to rule on the Civ. R. 60(B) motion and denied the motion. Appellant assigns three errors:

{¶4} "I. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE'S MOTION FOR DEFAULT JUDGMENT AS SERVICE WAS NEVER PROPERLY COMPLETED UPON MARY RUSS PURSUANT TO CIVIL RULES 4.1 AND 4.2

{¶5} "II. THE TRIAL COURT ERRED IN CONFIRMING THE SALE AND DISTRIBUTION OF PROCEEDS FROM THE SHERIFF'S SALE OF THE SUBJECT

PROPERTY ON FEBRUARY 28, 2011, AS THE TRIAL COURT NEVER PROPERLY OBTAINED PERSONAL JURISDICTION OVER THE DEFENDANT-APPELLANT MARY RUSS.

{¶6} "III. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO VACATE."

I

{¶7} In her first assignment of error, appellant argues that the trial court erred in entering default judgment against her because she was not properly served with the complaint. App. R. 4(A) requires a party to file a notice of appeal within 30 days. While appellant argues that she did not receive this entry and therefore could not file a timely appeal, the entry reflects that a copy of the default judgment was mailed to her. Having failed to timely appeal the September 23, 2010, judgment, appellant cannot assign error to the entry of default judgment.

{¶8} The first assignment of error is overruled.

II

{¶9} Appellant argues that the court erred in confirming the order of sale because she had not been properly served with the complaint and the court therefore did not have jurisdiction over her. The docket reflects that the complaint was sent to appellant by certified mail and was signed for by "Cena Mascan." Thus at the time the court confirmed the sale, the court had no reason to believe service had not been properly perfected upon appellant. While appellant now argues that the signature was that of her 13-year-old daughter and appellant was unaware of the foreclosure action until the tag appeared on her door indicating the home was sold, the court had no

information before it at the time it confirmed the sale to indicate that service was improper.

{¶10} The second assignment of error is overruled.

III

{¶11} In her final assignment of error, appellant argues that the court erred in overruling the Civ. R. 60(B) motion to vacate. The court states in its order that it was divested of jurisdiction to rule on the motion by the March 23, 2011 notice of appeal, and then went on to deny the Civ. R. 60(B) motion. Appellant concedes in her reply brief that the trial court was divested of jurisdiction to rule on the motion. *Howard v. Catholic Social Serv. Of Cuyahoga Cty., Inc.* (1994), 70 Ohio St.3d 141, 146-147.

{¶12} While the trial court correctly noted that it lacked jurisdiction over the motion due to the pending appeal, the court nevertheless denied the motion. The trial court lacked jurisdiction to rule on the 60(B) motion at that time, and erred in issuing a judgment denying the motion.

{¶13} The third assignment of error is sustained.

**{¶14}** The judgment of the Licking County Common Pleas Court denying the 60(B) motion is vacated.  This cause is remanded to that court with instructions to consider and rule on the pending Civ. R. 60(B) motion.


By: Edwards, J.

Hoffman, P.J. and

Farmer, J. concur

_____

_____

_____

JUDGES

JAE/r0729

[Cite as *Citimortgage, Inc. v. Russ*, 2011-Ohio-5093.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CITIMORTGAGE, INC. | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MARY RUSS, et al., | : | |
| | : | |
| Defendants-Appellants | : | CASE NO. 11-CA-31 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the February 28, 2011, order confirming sale is affirmed but the judgment of the Licking County Court of Common Pleas denying the 60(B) motion is vacated. This matter is remanded to the trial court for further proceedings. Costs assessed 50% to appellee and 50% to appellants.

_____

_____

_____

JUDGES