[Cite as *Stallings v. Tibbals*, 2012-Ohio-5449.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


THOMAS STALLINGS

     Petitioner

-vs-

TERRY TIBBALS, WARDEN

     Respondent

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. Sheila G. Farmer, J.
Hon. John W. Wise, J.

Case No. 12 CA 47

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Writ of Habeas Corpus |
| JUDGMENT: | Dismissed |
| DATE OF JUDGMENT ENTRY: | November 20, 2012 |


APPEARANCES:

For Petitioner

THOMAS STALLINGS, PRO SE
Mansfield Correctional Institution
1150 North Main Street, P. O. Box 788
Mansfield, Ohio  44901

For Respondent

STEPHANIE L. WATSON
PRINCIPAL ASSISTANT ATT. GENERAL
150 East Gay Street, 16th Floor
Columbus, Ohio  43215-6001

*Wise, J.*

{¶1} Petitioner, Thomas Stallings, has filed a petition for writ of habeas corpus alleging he is entitled to release from prison based upon an improper bindover hearing. Respondent has filed a motion to dismiss arguing the petition must be dismissed as res judicata.

{¶2} Petitioner was convicted of the murder of a fifteen year old boy. At the time of the offense, Petitioner was also a minor. Petitioner claims the bindover hearing which transferred the case from juvenile to adult court was defective because his attorney waived the investigation requirement of Juv.R. 30.

{¶3} Petitioner has also filed a motion to amend his petition to include additional alleged defects in the bindover process. We grant the motion to amend but find it does not alter our resolution of this matter.

{¶4} A writ of habeas corpus will lie in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law. *Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.* (1994), 70 Ohio St.3d 141, 144, 637 N.E.2d 890, 893.

{¶5} Initially, a review of the complaint reveals Petitioner has failed to attach the necessary commitment papers in compliance with R.C. 2725.04(D). He has included the bindover entry but has not included his sentencing entry from his conviction. Without those commitment papers, this Court cannot determine whether his sentence has expired.

{¶6} The Supreme Court has held failure to comply with this requirement is a fatal defect which cannot be cured, "[C]ommitment papers are necessary for a

complete understanding of the petition. Without them, the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application." *Bloss v. Rogers*, 65 Ohio St.3d 145, 602 N.E.2d 602.

{¶7}  We also find Petitioner has already raised the same claim raised herein in a previous petition filed in the Eleventh District Court of Appeals.  *See Stallings v. Mitchell*, Case Number 97-T-0010 (Eleventh District), 1997 WL 665978.  The Supreme Court has also held that a petition should be dismissed as successive where a claim has been or could have been raised in a prior petition.  *State ex rel. Harsh v. Sheets* 2012 WL 1957882, 1 (Ohio,2012).

{¶8}  Because Petitioner has failed to attach the necessary commitment papers and has filed a petition which is barred by res judicata as a successive petition, the instant petition is dismissed.

By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.

_____

_____

_____

JUDGES

JWW/d 1113

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


THOMAS STALLINGS                          :
                                          :
        Petitioner                        :
                                          :
-vs-                                      :            JUDGMENT ENTRY
                                          :
TERRY TIBBALS, WARDEN                     :
                                          :
        Respondent                        :            Case No. 12 CA 47



        For the reasons stated in our accompanying Memorandum-Opinion, the writ of

habeas corpus is dismissed.

        Costs assessed to petitioner.



                                            _____

                                            _____

                                            _____

                                                          JUDGES