[Cite as *Jones v. Brentwood Health Care Ctr.*, 2023-Ohio-1655.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

YVONNE JONES

    Appellee

v.

BRENTWOOD HEALTH CARE CENTER,
et al.

    Appellants

C.A. No.    30265

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2021-06-1696

DECISION AND JOURNAL ENTRY

Dated: May 17, 2023

HENSAL, Presiding Judge.

{¶1}    Brentwood Healthcare Center Enterprises dba Brentwood Healthcare Center and Brent Classen (collectively "the Brentwood Defendants") appeal an order of the Summit County Court of Common Pleas that denied their motion to stay and compel arbitration. This Court reverses.

I.

{¶2}    Yvonne Jones filed a complaint against the Brentwood Defendants[1] and ten John Doe defendants alleging that she sustained injuries while she was a resident at Brentwood Healthcare Center. The Brentwood Defendants moved to stay the proceedings and compel arbitration pursuant to an arbitration agreement executed by Ms. Jones' sister, Jacqueline Carter,

---

[1] Ms. Jones named Brentwood Healthcare Center, Brentwood Healthcare LLC, and Mr. Classen as defendants. The Brentwood Defendants' answer identified a single entity, Brentwood Healthcare Center Enterprises dba Brentwood Healthcare Center.

when Ms. Jones was admitted for care. The agreement identified Ms. Jones as the "Resident" and Ms. Carter as the "Representative," and it contained representations related to Ms. Carter's authority to sign on Ms. Jones' behalf:

> The Representative certifies that he/she has the legal authority to enter into this agreement on [the] Resident's behalf pursuant to a currently valid power of attorney, guardianship, or conservatorship that grants the Representative the authority to meet all of the obligations under this agreement.

{¶3} Despite this representation, Ms. Carter did not hold "a power of attorney, guardianship, or conservatorship" that authorized her to act on Ms. Jones' behalf. Ms. Jones opposed the motion to stay and compel on that basis, also arguing that she had "[done] nothing to create an apparent authority relative to [Ms. Carter]." In the alternative, Ms. Jones argued that the arbitration agreement was procedurally and substantively unconscionable. In response, the Brentwood Defendants maintained that Ms. Carter had apparent authority to execute the arbitration agreement on Ms. Jones' behalf because "[Ms. Jones] held her sister out as possessing sufficient authority to bind her to the arbitration forum."

{¶4} The trial court denied the Brentwood Defendants' motion. In doing so, the trial court observed that Ms. Jones argued Ms. Carter did not have a "legal relationship with [Ms. Jones] by which she would possess legal authority to sign the agreement[,]" but denied the motion "because [the arbitration agreement] is substantively and procedurally unconscionable as applied to [Ms. Jones]." The Brentwood defendants appealed, but they also filed a motion for relief from judgment under Civil Rule 60(B). This Court stayed the appeal and remanded the matter to the trial court to consider the motion for relief from judgment. *See Howard v. Catholic Social Servs. of Cuyahoga Cty., Inc.*, 70 Ohio St.3d 141, 147 (1994). The trial court denied the motion. The Brentwood Defendants have assigned two errors for this Court's review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DENYING [THE BRENTWOOD DEFENDANTS'] MOTION TO STAY AND COMPEL ARBITRATION.

{¶5} The Brentwood Defendants' first assignment of error argues that the trial court erred by denying their motion to stay the case and compel arbitration. This Court agrees.

{¶6} Arbitration agreements are enforceable unless there are legal or equitable grounds for revoking an agreement. *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, ¶ 19, citing R.C. 2711.01. Revised Code Section 2711.02(B) describes the means of enforcing an arbitration agreement:

> If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

An arbitration agreement may be revoked if it is unconscionable. *Taylor Bldg. Corp. of America v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, ¶ 33-34. "As an initial matter, [however,] before a party may be bound by the terms of an arbitration agreement, there must in fact be a contract which requires the arbitration of the parties' disputes and claims." *Koch v. Keystone Pointe Health & Rehabilitation*, 9th Dist. Lorain No. 11CA010081, 2012-Ohio-5817, ¶ 9. One aspect of this analysis is whether the party against whom the arbitration agreement is to be enforced executed the agreement or authorized another to execute it on their behalf and, if not, whether the person who executed the agreement had apparent authority to do so. *See id.* at ¶ 9-14.

{¶7} In this case, the trial court denied the motion to stay and compel arbitration because it found that the arbitration agreement was procedurally and substantively unconscionable. To the

extent that the trial court considered whether Ms. Jones was bound by her sister's signature, it appears that it did so only in passing and with reference to determining whether the agreement was unconscionable. The trial court did not determine whether there was "in fact * * * a contract which require[d] the arbitration of the parties' disputes and claims." *Koch* at ¶ 9. Consequently, although the parties' appellate briefs focus on the question of whether Ms. Carter had apparent authority to execute the arbitration agreement on Ms. Jones' behalf, this Court cannot consider that issue in the first instance "because that is not the function of a reviewing court." *See Four Elyria Co., LLC v. Brexton Constr., LLC*, 9th Dist. Lorain Nos. 20CA011694, 20CA011695, 2022-Ohio-2989, ¶ 72. The Brentwood Defendants' first assignment of error is sustained on that basis. *See id.*

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING [THE BRENTWOOD DEFENDANTS'] MOTION FOR RELIEF FROM JUDGMENT.

{¶8} The Brentwood Defendants' second assignment of error argues that the trial court erred by denying its motion for relief from judgment under Rule 60(B). In light of this Court's determination that the trial court erred by failing to consider whether there was a valid arbitration agreement in the first instance, the Brentwood Defendants' second assignment of error is moot. *See* App.R. 12(A)(1)(c).

### III.

{¶9} The Brentwood Defendants' first assignment of error is sustained. The second assignment of error is moot. The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded for proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

STEVENSON, J.
CONCURS.

CARR, J.
DISSENTING.

{¶10} I respectfully dissent as I would affirm the trial court's judgment denying the motion to stay and compel arbitration. There is no dispute that the parties briefed the unconscionability issue and that the trial court's analysis concentrated on that issue. Notably, however, the trial court's conclusion that the arbitration provision was unconscionable and, therefore, unenforceable was based largely on its findings that Ms. Jones did not sign the agreement and that the individual who did sign the agreement, Ms. Carter, did not have authority

to do so on Ms. Jones' behalf.  I would uphold the trial court's judgment based solely on those findings.

APPEARANCES:

MICHAEL OCKERMAN and DOUG LEAK, Attorneys at Law, for Appellants.

BLAKE A. DICKSON and PAMELA DIMO, Attorneys at Law, for Appellee.