LINGER, APPELLEE, *v.* WEISS, JUDGE; QUICKLE ET AL., APPELLANTS.

[Cite as Linger v. Weiss (1979), 57 Ohio St. 2d 97.]

(No. 78-734—Decided March 28, 1979.)

*Mr. Kenneth B. Schumaker,* for appellee.

*Messrs. Morrow, Gordon & Byrd* and *Mr. James R. Cooper,* for appellants.

LOCHER, J. The first issue to be decided in this cause is whether a failure by a Juvenile Court to comply with the time schedules set out in Juv. R. 29(A) and 34(A) deprives the court of jurisdiction, and, thereby, opens its authority to collateral attack through a complaint for a writ of habeas corpus. Juv. R. 29(A) requires that, if the child who is the subject of the complaint alleging neglect is in shelter care, an adjudicatory hearing must be held not later than ten days after the filing of the complaint. Juv. R. 34 (A) states that the dispositional hearing may be held immediately following the adjudicatory hearing or at a later date fixed by the court.

The Court of Appeals held that: (1) if the July 15 hearing was not an adjudicatory hearing, then the court's failure to hold such a hearing for nearly three years deprived it of jurisdiction; or, (2) in the alternative, if the July 15 hearing was an adjudication of neglect, the court still lost jurisdiction by failing to make a proper disposition of the matter (see Juv. R. 34[A]).

This court disagrees with the appellate court's conclusion that the Juvenile Court lost jurisdiction by failing to comply with the Juvenile Rules. The jurisdiction of the

juvenile courts of this state is a creation of statutory law. R. C. 2151.23(A) states, in part:

"The juvenile court has exclusive original jurisdiction under the Revised Code:

"(1) Concerning any child who on or about the date specified in the complaint is alleged to be * * * neglected * * *."

On the other hand, the Juvenile Rules were enacted pursuant to Section 5 of Article IV of the Ohio Constitution.[3] They were intended to establish a uniform procedure for juvenile courts in Ohio.[4] As such, they can in no way be construed to affect the jurisdiction of the juvenile courts as established by statute. Juv. R. 44 specifically provides that "[t]hese rules shall not be construed to extend or limit the jurisdiction of the juvenile court." The inquiry on a writ of habeas corpus is not to address procedural errors committed by the court within its jurisdiction. Any challenge, therefore, to the jurisdiction of the Juvenile Court cannot be made by alleging a failure to comply with the time limits of Juv. R. 29(A) or 34(A).[5]

The appellate court also held that, assuming the July 15 hearing was an adjudicatory hearing, a writ of habeas corpus should still lie because the record revealed no evidence that the appellee received a summons to the hearing, or waived her right to one. The court found the failure of such evidence in the record revealed a lack of due process.

This court disagrees that habeas corpus lies in such a situation. A writ of habeas corpus is an extraordinary

---

[3]Section 5, Article IV, Ohio Constitution, states, in part:

"(B) The supreme court shall prescribe rules governing practice and procedure in all courts of the state * * *."

[4]Juv. R. 1(A) states, in part:

"These rules prescribe the procedure to be followed in all juvenile courts of this state in all proceedings coming within the jurisdiction of such courts * * *."

[5]This is not to say that a party is left without a remedy in a case where the judge fails to set the matter for hearing within the time schedule of the Juvenile Rules. The proper remedy in such a case is a complaint for a writ of procedendo.

remedy and will not ordinarily be granted when there is another adequate remedy at law. *In re Piazza* (1966), 7 Ohio St. 2d 102; *In re Hunt* (1976), 46 Ohio St. 2d 378. The appellee had an adequate remedy, pursuant to Juv. R. 7 (G), which states:

"Any decision relating to * * * shelter care may be reviewed at any time upon motion of any party. *If a parent * * * did not receive notice of the initial hearing and did not appear or waive appearance at the hearing, the court shall rehear the matter promptly."* (Emphasis added.)

A parent, who did not receive notice of a hearing relating to shelter care, must first file a motion in the Juvenile Court as provided in that rule before seeking a writ of habeas corpus from the Court of Appeals.[6] Once a parent files such a motion, Juv. R. 7(G) makes a rehearing mandatory.[7]

---

[6]Requiring a parent to exhaust all other adequate remedies, in this case filing a motion under Juv. R. 7(G), is especially appropriate herein, where the July 15 journal entry stated that "all writs heretofore issued herein have been duly served according to law and that all persons interested are now before the Court." Such recitals in a judicial order attacked on habeas corpus should be taken as true. In other words, recitals in a Juvenile Court decision that due notice was given to a mother of a hearing in which the child was declared to be neglected should not be attacked in a habeas corpus proceeding, particularly where the mother had a right to attack the decision by a direct proceeding, Juv. R. 7(G), in the Juvenile Court to set aside the decision for lack of notice. See *In re Orosco* (1949), 92 Cal. App. 2d 352, 207 P. 2d 656.

[7]Even if this court were to agree that the failure of the record to show that appellee received proper notice of the July 15 hearing deprived the Juvenile Court of jurisdiction and that a writ of habeas corpus was appropriate, the parent would not automatically be entitled to immediate custody of the child. Prior to removing a child from a nonparent custodian under a writ of habeas corpus, Ohio law requires a court to make a full inquiry into the best interests of the child and the natural parents' fitness. *Cincinnati House of Refuge* v. *Ryan* (1881), 37 Ohio St. 197; *In re Tilton* (1954), 161 Ohio St. 571. *Cf. In re Perales* (1977), 52 Ohio St. 2d 89. Any such consideration would be unnecessary at this time in that, subsequent to the filing of the complaint in this cause, the Juvenile Court conducted such a hearing and found the child to be **neglected.**

Accordingly, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and HOLMES, JJ., cooncur.