**HARVEY**

**v.**

**BENTLEY.**

[Cite as *Harvey v. Bentley* (1991), 74 Ohio App.3d 375.]

Court of Appeals of Ohio,
Montgomery County.

No. 12798.

Decided May 30, 1991.

*Jerry A. Meadows,* for petitioner.
*Don Brezine,* for respondent.

---

FAIN, Presiding Judge.

Petitioner Susan A. Harvey ("Harvey") is seeking a writ of habeas corpus ordering the release of her two children, Amanda Jayne and Luke Peter Bentley, from the custody of respondent, Scott A. Bentley ("Bentley"), father of the children.

Scott Bentley and Susan Harvey were married in Banbury, England, in 1983. Amanda Jayne Bentley was born in 1984. Bentley was a member of the United States Air Force stationed in England until approximately April 1985, at which time he was transferred to Wright Patterson Air Force Base, in Ohio. Bentley and Harvey, along with their daughter and Harvey's daughter from a previous marriage, traveled to Wright Patterson Air Force Base. In July 1985, Harvey left Bentley and returned with her two daughters to Banbury, England.

In September 1985, Bentley filed a divorce complaint in the Montgomery County Common Pleas Court, Domestic Relations Division, and requested custody of Amanda Bentley. An English solicitor acting on behalf of Harvey notified the Montgomery County court of Harvey's intention not to attend the

hearing on Bentley's divorce complaint, and informed the court of possible divorce proceedings in England. During the pendency of Bentley's divorce complaint, Harvey filed a divorce complaint in England.

Bentley obtained a judgment and final decree of divorce from Harvey on March 4, 1986. He was awarded custody of the parties' minor children, Amanda and Luke, who was born on December 20, 1985, in England. Harvey was granted a divorce and awarded custody of the minor children on June 5, 1986, following a decree issued on April 9, 1986.

Harvey now claims that she never received a copy of the judgment and final decree of divorce from the Montgomery County court, nor was she aware that Bentley had obtained custody of their two minor children until March 1991. Bentley disputes this claim.

Harvey remarried and moved to Florida from England. On March 14, 1991, the Circuit Court of the Fourteenth Judicial Circuit of Florida for Bay County granted Bentley's petition for a writ of habeas corpus, based upon the Montgomery County court's custody decree. The court ordered the immediate removal of the two children from Harvey's custody. Harvey is now before this court seeking a writ of habeas corpus ordering the release of Amanda and Luke Bentley from Scott Bentley's custody. Harvey presented her case at a hearing before this court. At the close of Harvey's case, Bentley moved to dismiss the petition for a writ of habeas corpus.

Harvey contends that the Montgomery County court did not have jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act to make an initial determination of the custody of the parties' minor children and, therefore, the Montgomery County judgment as to the custody of the children is void. Harvey requests that this court determine the best interests of the Bentley children and enforce the English custody order pursuant to principles of comity. Bentley contends that the Montgomery County court had jurisdiction to make the initial custody determination of the Bentley children pursuant to the Uniform Child Custody Jurisdiction Act. Bentley further contends that this court should not grant habeas corpus relief because an adequate remedy at law is available to Harvey.

■ "A writ of habeas corpus is an extraordinary remedy and will not ordinarily be granted when there is another adequate remedy at law." *Linger v. Weiss* (1979), 57 Ohio St.2d 97, 101, 11 O.O.3d 281, 283, 386 N.E.2d 1354, 1356, citing *In re Piazza* (1966), 7 Ohio St.2d 102, 36 O.O.2d 84, 218 N.E.2d 459; *In re Hunt* (1976), 46 Ohio St.2d 378, 75 O.O.2d 450, 348 N.E.2d 727. "[I]n order for there to be an adequate remedy at law, a remedy must be complete, beneficial, and speedy." *Marich v. Knox Cty. Dept. of Human Serv.* (1989), 45 Ohio St.3d 163, 165, 543 N.E.2d 776, 779. In *Marich,* the Ohio

Supreme Court determined that undue influence by a representative of the department of human services invalidated a permanent surrender agreement with a natural parent, who was a minor, single, and unrepresented by counsel. In affirming the appellate court judgment granting a writ of habeas corpus to the parent, the Supreme Court concluded that custody of the child remained with the parent. The facts of *Marich* gave rise to a narrow issue which could be decided expeditiously. Furthermore, R.C. 3107.16(B) provides that a decree of adoption may not be challenged after the expiration of one year, with limited exceptions. As a result, the element of time was crucial.

■ Unlike *Marich*, the facts in the case before us give rise to the broad issue of determining the best interests of two children. An appellate court is not the best forum for determining the best interests of children with respect to custody.[1] For this reason, appellate courts ordinarily accord to domestic relations courts, which specialize in child custody determinations, great deference with respect to such determinations. *Trickey v. Trickey* (1952), 158 Ohio St. 9, 13, 47 O.O. 481, 483, 106 N.E.2d 772, 774. Harvey acknowledges in her brief that she may pursue a motion for relief from the judgment in the domestic relations court pursuant to Civ.R. 60(B). Another possible remedy is to seek to modify the Ohio decree based upon changed circumstances.

In reliance upon *Marich, supra,* Harvey contends that a child should be placed in a permanent home environment at the earliest possible moment and that the remedies available to her are not practical, convenient, or effective. However, the UCCJA is available to Harvey as a tool to help ease such practical difficulties and to provide Harvey with an effective and complete statutory remedy. Because other remedies at law are available to Harvey, we conclude that the use of the extraordinary writ of habeas corpus is not proper in this case.

■ In determining that habeas corpus relief is not the proper remedy, we are governed by our conclusion that the custody decree issued in Ohio is not jurisdictionally void. Had we concluded that the Ohio decree is jurisdictionally

---

1. Although we conclude that this court, in a habeas corpus proceeding, is not the best forum for determining the best interests of these children, that is a potentially fact-sensitive conclusion. We can think of at least two situations where an appellate court, in habeas corpus proceedings, might find it necessary to determine the best interests of the children. The first example would be where the children are in the possession of someone with no colorable right to their custody—a kidnapper, for example—but there are two or more rival claimants for their custody, each of whom has a colorable claim. The second example would be where there is evidence that children are in imminent physical danger from either the person having their possession or the person seeking their custody. In the case before us, although Harvey has presented evidence tending to disparage Bentley's abilities as a custodial parent, her evidence falls short of persuading us that the children are in any imminent physical danger.

void, then we might well have decided to grant habeas corpus relief, since we could do so simply on the basis of Harvey's English decree, without having to determine the best interests of the children. We conclude, however, that the Ohio custody decree is not jurisdictionally void, for the reasons that follow.

The Uniform Child Custody Jurisdiction Act ("UCCJA"), codified in Ohio at R.C. 3109.21 through 3109.37, was adopted for the purposes of protecting the best interests of children in custody disputes by avoiding jurisdictional competition and conflict between Ohio courts and courts of other states and assuring that the state with the optimum access to relevant facts makes the custody determination. *In re Wonderly* (1981), 67 Ohio St.2d 178, 180, 21 O.O.3d 111, 112, 423 N.E.2d 420, 422.

An Ohio court's assumption of jurisdiction in a child custody dispute is governed by R.C. 3109.22(A)(1) through (4), which provide:

"(A) No court of this state that has jurisdiction to make a parenting determination relative to a child shall exercise that jurisdiction unless one of the following applies:

"(1) This state is the home state of the child at the time of commencement of the proceeding, or this state had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a parent who claims a right to be the residential parent and legal custodian of a child or by any other person claiming his custody or is absent from this state for other reasons, and a parent or person acting as parent continues to live in this state;

"(2) It is in the best interest of the child that a court of this state assumes jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;

"(3) The child is physically present in this state and either has been abandoned or it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent;

"(4) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with division (A)(1), (2), or (3) of this section, or a court in another state had declined to exercise jurisdiction on the ground that this state is the more appropriate forum to make a parenting determination relative to the child, and it is in the best interest of the child that this court assume jurisdiction."

The statute specifically provides that no Ohio court that *has jurisdiction* to make a parenting determination relative to a child *shall exercise* that jurisdiction unless one of the four enumerated criteria applies. An Ohio court of common pleas has the power and duty pursuant to R.C. 3105.21(A) in divorce actions to provide for the disposition, care, and maintenance of the children of the marriage. In doing so, the court must consider the best interests of the children in accordance with R.C. 3109.04. Therefore, we conclude that the Ohio court, which concededly had jurisdiction of Bentley's divorce action, had the power, or jurisdiction, to provide for the custody of the children of the marriage.

■ Of course, one limitation upon the exercise of the court's subject matter jurisdiction is that the court must have personal jurisdiction over the person whose rights are being adjudicated. In the context of a child custody determination, as in other contexts, this requires minimum contacts with the state before jurisdiction over the person may be exercised. *Pasqualone v. Pasqualone* (1980), 63 Ohio St.2d 96, 102–104, 17 O.O.3d 58, 62–63, 406 N.E.2d 1121, 1126–1127. We are satisfied that Harvey's having resided in Ohio with her husband and child for three months in 1985, shortly before Bentley filed the Ohio divorce action, provided sufficient contacts with Ohio to support personal jurisdiction over Harvey.

■ Even though the Ohio court had jurisdiction to provide for the custody of the children, it might have erred in deciding to exercise that jurisdiction if it did not properly follow R.C. 3109.22(A). In our view, any error in following the precepts of R.C. 3109.22(A) in deciding whether to exercise jurisdiction with respect to child custody is merely reversible error; it would not fall so far outside the proper scope of the trial court's jurisdiction as to render its judgment void. From the statutory language used, which (i) recognizes that the trial court has jurisdiction, and (ii) provides for discretion in the trial court's determination whether to exercise that jurisdiction, based on the facts of the particular case, we conclude that the General Assembly intended for custody orders made under circumstances in which the trial court should not have exercised its jurisdiction to be voidable, but not void. Accordingly, we reject Harvey's contention that the Ohio custody decree is jurisdictionally void and, therefore, not entitled to recognition in opposition to the subsequent, and contrary, English custody decree.

Prior to making a parenting determination, the court must give the contestants reasonable notice of the proceeding and an opportunity to be heard. Notice to persons outside Ohio must be given in accordance with the Rules of Civil Procedure governing service of process, in a manner governed by law, or as directed by the court. R.C. 3109.23(B). Pursuant to R.C. 3105.21(A), the

trial court must make a parenting determination in regard to all children of the marriage.

In the case before us, Bentley's complaint against Harvey requested custody of Amanda. At the time the divorce complaint was filed, Luke had not been born. During the hearing, the complaint was amended to request custody of Luke Bentley. The trial court granted custody of all the minor children of the marriage to Bentley after finding that the "defendant has been duly served with summons as required by law, which service is hereby approved and confirmed by the Court."

Harvey received notice of the claim for custody of Amanda. She responded to the complaint through an English solicitor who notified the Montgomery County court that she would not attend that court's scheduled hearing. Harvey was informed of the pending proceeding and chose not to participate or contact an Ohio attorney for advice as to the potential consequences of refusing to participate in the matter. Although the original complaint referred only to Amanda's custody, Harvey was on constructive notice that Ohio law required the trial court to provide for the disposition of all of the children of her marriage to Bentley. Harvey was sufficiently on notice of the seriousness of the proceedings against her—an action for divorce—that she cannot now predicate her claim for relief based upon her ignorance of the potential legal consequences of those proceedings. It was her duty to seek the advice of Ohio counsel concerning the possible consequences of the Ohio proceedings, and she should not be permitted to make a collateral attack on the judgment resulting from those proceedings as a result of her failure to seek the advice of Ohio counsel. The presumption that litigants know the law may not be realistic, but it is essential if judgments are to retain any efficacy.

For all of the foregoing reasons, we conclude that the judgment of the Ohio court awarding custody of both minor children to Bentley is not void; at most, it might be voidable, but it is not void.

Accordingly, the writ of habeas corpus sought by Harvey is hereby DENIED.

*Relief denied.*

BROGAN and GRADY, JJ., concur.