Melissa Shepherd (nka Moon) appeals the Highland County Juvenile Court's grant of permanent custody of her daughter, Tia Sierra Shepherd, to appellees, Kenneth and Margie Butler. She assigns the following errors:
 I. The trial court lacked jurisdiction to grant permanent custody of the child, Tia Shepherd, to a private individual.
 II. The trial court's decision that by clear and convincing evidence, Tia Sierra Shepherd cannot be placed with her mother within a reasonable time and should be placed in the permanent custody of the maternal grandparents, is an abuse of the trial court's discretion.
The Butlers, who are appellant's parents, were granted temporary custody of Tia after she was found to be a neglected child.[1] Over a year later, the appellees filed a motion for permanent custody of Tia pursuant to former R.C.2151.353(B).[2] After granting a continuance to give appellant a chance to comply with the case plan, the trial court conducted a full hearing on the issue of permanent custody. Subsequently, the trial court found that it would be in Tia's best interests to place her in the permanent custody of appellees.
In her first assignment of error, appellant argues that the trial court did not have the jurisdiction to grant permanent custody of a child pursuant to former 2151.353(B) to a private individual.
Since juvenile courts were unknown at common law, they have no inherent, historical, or traditional power upon which to rely. The juvenile court in Ohio possesses only the jurisdiction that the General Assembly has expressly conferred upon it. See Section4(B), Article IV, Ohio Constitution; In re Gibson (1991), 61 Ohio St.3d 168;Linger v. Weiss (1979), 57 Ohio St.2d 97. R.C. 2151.07
provides that "[t] he juvenile court has and shall exercise the powers and jurisdiction conferred in Sections 2151.01 to 2151.99
of the Revised Code." R.C. 2151.23 governs the jurisdiction of the juvenile court, and provides:
 "(A) The juvenile court has exclusive original jurisdiction under the Revised Code as follows:
 (1) Concerning any child who on or about the date specified in the complaint is alleged to be a juvenile traffic offender, or a delinquent, unruly, abused, neglected or dependent child * * *."
Thus, pursuant to R.C. 2151.23, the trial court was vested with subject matter jurisdiction when the complaint for temporary custody was filed alleging that Tia was a neglected child. Furthermore, the court retains jurisdiction at least until a neglected child reaches the age of 18. R.C. 2151.353(E)(1)
However, we must still determine whether the trial court had the statutory authority to grant permanent custody of Tia to appellees. Permanent custody is defined as "a legal status that vests in a public children services agency or a private child placing agency, all parental rights, duties and obligations, including the right to consent to adoption and divests the natural parents or adoptive parents of all parental rights, privileges, and obligations, including all residual rights and obligations." Former R.C. 2151.011(B)(27) (emphasis supplied).[3] Thus, in a proceeding under R.C. Chapter 2151, permanent custody, by its very definition, may only be granted to an agency.
Former R.C. 2151.353 lists the dispositions the trial court may make once the child is adjudicated neglected. Former R.C.2151.353 provides:
 (A) If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:
 (1) Place the child in protective supervision;
 (2) Commit the child to the temporary custody of a public children services agency, a private child placing agency, either parent, a relative residing within or outside the state, or a probation officer for placement in a certified family foster home or in any other home approved by the court;
 (3) Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child;
 (4) Commit the child to the permanent custody of a public children services agency or private child placing agency, if the court determines in accordance with division (E) of Section 2151.414
of the Revised Code that the child cannot be placed with one of his parent within a reasonable time or should not be placed with either parent and determines in accordance with division (D) of Section 2151.414 of the Revised Code that the permanent commitment is in the best interest of the child. If the court grants permanent custody under the division, the court, upon the request of any party, shall file a written opinion setting forth its findings of fact and conclusions of law in relation to the proceeding.
 (5) Place the child in long-term foster care * * *.
(Emphasis supplied.)
The only possible disposition that involves permanent custody limits with whom the child can be placed, i.e., a public children services agency or a private child placing agency. R.C. 2151.353
does not give the trial court the authority to place the child in the permanent custody of a private individual. In re Bond (Jan. 22, 1985), Scioto Co. App. No. 1526, unreported. See, also, Inthe Matter of Hope Fronk (Oct. 26, 1984), Ashtabula App. No. 1176, unreported (former R.C. 2151.353 did not provide for permanent custody to be granted to anyone but the enumerated agencies); In the Matter of Laughlin (June 28, 1983), Fairfield App. No. 3-CA-83, unreported (under former R.C. 2151.353, a court may not award permanent custody to a private individual)
Appellees argue that R.C. 2151.353 gave the trial court the authority to give them permanent custody of Tia as long as the trial court complied with former R.C. 2151.414.[4]
R.C. 2151.353(B) provides in part:
 * * * If after making disposition as authorized by division (A)(2) of this Section, a motion is filed that requests permanent custody of the child, the court may grant permanent custody of the child to the movant in accordance with Section 2151.414 of the Revised Code.
When read in isolation, the reference to "the movant" arguably supports the appellees' contention. However, a cardinal rule of statutory construction requires related statutes to be read inpari materia. See Meeks v. Papadapulos (1980), 62 Ohio St.2d 187,191. Thus, when we review former R.C. 2151.414, we find both subsection (A)(1) and (B) specifically refer to "the agency that filed the motion."[5] There is no reference to an individual. Likewise, as we have already pointed out, former R.C. 2151.353(A) limits permanent custody dispositions to public or private children's agencies. Accordingly, it is illogical to conclude that the use of "the movant" in former R.C. 2151.353(B) implies that an individual may petition the court for permanent custody in a R.C. Chapter 2151 proceeding. In re Bond, supra.
Appellees filed their motion pursuant to former R.C. 2151.353
and specifically attempted to invoke the court's jurisdiction under that statute. Since appellees are not an "agency," the trial court had no authority to grant them permanent custody pursuant to former R.C. 2151.414. We agree with the concurring opinion that the appellees could have proceeded in another manner, but clearly chose not to.
The appellees, as Tia's legal custodians, may file pursuant to R.C. 2151.415(F) for a termination of appellant's parental rights. Even then, however, the appellees' legal status in relation to Tia would not be immediately affected. See In reBennett (Nov. 15, 1995), Hamilton App. No. C-950035, unreported. Permanent custody would vest with a public children services agency or a private child placing agency. Id. Once all of appellant's residual rights and obligations were terminated by this permanent placement, the agency could then consent to Tia's adoption by the appellees in a proceeding under R.C. 3107.05. Id.
While we agree that it is a shame that these proceedings must be repeated and even extended, we cannot sacrifice compliance with the statutory scheme devised by the legislature for the sake of expediency. We also agree that the appellees may proceed as suggested in the concurring opinion.
In sum, neither former R.C. 2151.414 nor former 2151.353 give a juvenile court the authority to grant permanent custody to a private individual. Thus, the trial court erred in granting permanent custody of Tia to the appellees. We sustain appellant's first assignment of error and reverse the judgment of the trial court.
Our resolution of appellant's first assignment of error renders her second assignment of error moot; therefore we will not address it. App.R. 12(A)(1)(c).
The judgment of the trial court is reversed and remanded for further proceedings not inconsistent with our decision.
JUDGMENT REVERSED AND REMANDED.
[1] For details of this proceeding, see In the Matter of TiaSierra Shepherd (May 11, 1998), Highland App. No. 97CA941, unreported.
[2] R.C. 2151.353(8) was amended, effective March 18, 1999. The hearing in this case took place on December 10, 1998 and was therefore governed by the prior version of this statute.
[3] This Section was also amended, effective March 18, 1999. The identical definition was re-codified at R.C.2151.011(B)(26).
[4] R.C. 2151.414 was also amended, effective March 18, 1999. The hearing in this case took place prior to the effective date of the new statute.
[5] Former R.C. 2151.414 states: "(A)(1) Upon the filing of a motion pursuant to Section 2151.413 of the Revised Code for permanent custody of a child by a public children services agency or private child placing agency that has temporary custody of the child or has placed the child in long-term foster care, the court shall schedule a hearing and give notice of the filing of the motion and of the hearing, in accordance with Section 2151.29 of the Revised Code, * * * . * * * the court shall conduct a hearing in accordance with Section 2151.35 of the Revised Code to determine if it is in the best interest of the child to permanently terminate parental rights and grant permanent custody to the agency that filed the motion. * * * "(B) The court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this Section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody * * *." (Emphasis supplied.)