DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Robert Brown, Appellant, has appealed from the order of the Medina County Juvenile Court that denied him credit for time served. We reverse.
On October 28, 1998, Appellant was arrested and charged under case number 9810DQ2882 with two counts of domestic violence, in violation of R.C. 2919.25(A); and one count of criminal damaging, in violation of R.C. 2909.06(A)(1). On November 6, 1998, a hearing on the charges was held before a magistrate. That same date, the magistrate entered an order recommending that Appellant be adjudicated a delinquent child and that he be placed on probation. In an addendum to the magistrate's decision, the magistrate recommended that Appellant be committed to the Department of Youth Services for a period of six months to the age of twenty-one years on each of the two counts of domestic violence with the sentences to run consecutively. However, the magistrate proposed that the commitment be suspended upon the condition that Appellant comply with the rules of probation. Finally, the addendum proposed that Appellant be fined two hundred dollars on each count of domestic violence and twenty-five dollars for the criminal damaging charge. On November 23, 1998, the trial court entered an order adopting the magistrate's decision. On June 26, 2000, the trial court held a hearing regarding imposition of the suspended commitment. On June 28, 2000, the trial court entered an order which purported to impose the suspended commitment and reduce Appellant's commitment by ten days credit for time served in detention. Appellant timely appealed and has raised one assignment of error for review.
 ASSIGNMENT OF ERROR I The trial court erred when it failed to grant time served to [Appellant].
In his sole assignment of error Appellant has argued that the trial court erred when it failed to grant him credit for time served. We agree.
Pursuant to R.C. 2151.355(F)(6):
 When a juvenile court commits a delinquent child to the custody of the department of youth services * * * the court shall state in the order of commitment the total number of days that the child has been held, as of the date of the issuance of the order, in detention in connection with the delinquent child complaint upon which the order of commitment is based. The department shall reduce the minimum period of institutionalization or minimum period of institutionalization in a secure facility * * * by both the total number of days that the child has been held in detention as stated by the court in the order of commitment and the total number of any additional days that the child has been held in detention subsequent to the order of commitment but prior to the transfer of physical custody of the child to the department.
In the juvenile court's order Appellant was credited with ten days for time served in connection with this matter. Appellant has argued that he should have been credited with eighty-eight days.
This Court initially notes that while the magistrate made his recommendations on this matter on November 6, 1998, and the juvenile court subsequently entered an order that adopted the magistrate's decision, the juvenile court failed at that time to enter an adjudication of delinquency in this matter as required by Juv.R. 29(F).[1]
Therefore, Appellant was not adjudicated to be a delinquent child until the juvenile court's order of June 28, 2000. Accordingly, since there was not an adjudication on this matter until June 28, there was, likewise, no disposition until that same time.[2]
On March 29, 2000, Appellant was arrested and charged with a probation violation under case number 0003PV0765. Appellant has argued that he should be given credit for the time he served between his arrest for the probation violation on March 29, 2000, and his conveyance to the Department of Youth Services on June 28, 2000.[3] He has argued that this credit should be applied to his commitment in this case, case number 9810DQ2882. Because there was no disposition in this case until June 28, 2000, Appellant was not on probation in this case on March 29, 2000.[4]
Therefore, because Appellant was arrested for a probation violation and was held on said probation violation, none of the time served pursuant to a probation violation charge can be credited towards this case.[5]
While Appellant cannot be credited with time served on the probation violation in this case, he should be credited for all time served on this matter pursuant to R.C. 2151.355(F)(6). Upon review of the record, Appellant was held in detention on this matter from October 28, 1998, to November 6, 1998, and then again from June 19, 2000, to June 28, 2000. Accordingly, Appellant should be given credit for twenty days served in detention and not ten as stated by the juvenile court. Appellant's assignment of error is sustained.
The judgment of the trial court is reversed and judgment hereby entered granting Appellant credit for twenty days served.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ LYNN C. SLABY
CARR, J., WHITMORE, J., CONCUR
[1] Juv.R. 29(F) states that "the court shall * * * [e]nter an adjudication and proceed forthwith to disposition[.]" (emphasis added).
[2] While the juvenile court did not comply with the time requirements set forth in Juv.R. 29, such a delay did not deprive the court of jurisdiction over the matter. In re Corona (Aug. 20, 1981), Cuyahoga App. No. 40992, unreported, 1981 Ohio App. LEXIS 14046 at *9, citingLinder v. Weiss (1979), 57 Ohio St.2d 97.
[3] This Court notes for the record that the number of days between March 29, 2000, and June 28, 2000, is ninety-one and not eighty-eight.
[4] While Appellant was not on probation in this case, Appellant was on probation in case number 9906DQ1233, 9906PV1257, 9908DQ1782, and 9910DQ2399.
[5] This Court does not express any opinion as to whether credit should be given for time served in any of the other cases pursuant to which Appellant was on probation since that question is not before us at this time.