JOURNAL ENTRY AND OPINION
Lana Martin appeals from a judgment of the juvenile court granting permanent custody of her children, Robert Martin and Molly Jenkins, to the Cuyahoga County Department of Children and Family Services. On appeal, she assigns the following as error for our review:
 I. THE TRIAL COURT DID NOT HAVE JURISDICTION OVER THE SUBJECT MATTER OF THIS CASE TO ISSUE A DISPOSITIONAL ORDER DUE TO ITS FAILURE TO HOLD A HEARING ON DISPOSITION WITHIN THE TIME PERAMETERS REQUIRED BY OHIO REVISED CODE SECTION 2151.35(B)(1) AND JUVENILE RULE 34(A).
 II. THE TRIAL COURT ERRED BY GRANTING THE APPELLEE'S COMPLAINT FOR PERMANENT CUSTODY AND THEREBY TERMINATING ALL OF APPELLANT'S PARENTAL RIGHTS BECAUSE ALTHOUGH THE PARTIES AGREED THAT THE CHILDREN WERE DEPENDENT SUCH ORDER WAS NOT BASED UPON CLEAR AND CONVINCING EVIDENCE AND WAS NOT IN THE CHILDREN'S BEST INTEREST.
Having reviewed the arguments of the parties and the pertinent law, we affirm the judgment of the juvenile court.
Robert Martin, age seven and one-half, was originally removed from his mother's care after being placed in the temporary custody of CCDCFS on January 12, 1998, pursuant to a complaint alleging neglect because mother became homeless. Molly Jenkins, age two, was originally removed from the care of her mother at birth in May 1998, due to mother needing more time to complete the case plan filed after Robert's removal.
At the time of Molly's removal, services were in place for Robert's case; mother was to attend parenting classes and work with the early intervention program. She was also to attend counseling sessions at the West Side Community Health Center and at Applewood Centers with Robert. Finally, mother was to maintain stable housing.
Both children were reunified with mother in July 1999, however, a month later, the children were removed again due to mother's suicidal threats. Another case plan was implemented with the same requirements. The main focus of the case plan was the conditions of the home environment; mother, Robert's father and both children lived in a one bedroom apartment that was described as filthy. The apartment was full of garbage and there were cockroaches all over the floor.
Linda Denoto, the children's foster mother, testified when Robert first came to live with her at age five, he was developmentally delayed and hyperactive. Molly was placed with her when she was several days old and stayed for three months. Molly came back at six months old and had been diagnosed as failure to thrive and had regressed in her speech and motor skills. She further testified that after returning from mother's apartment, both children were filthy, Molly had been putting cockroaches in her mouth along with other debris on the floor. Robert had acted out sexually because he had been sexually abused by his legal father.
Cathy Straquadine is employed by Berea Childrens' Home Positive Education Program Early Start and she worked with the family to resolve their housing issues. She testified she observed the children were getting dirty from crawling around mother's apartment.
Donna Bonvissuto is a therapist who treated mother at the West Side Community Mental Health Center due to mother's inability to cope with the children. Bonvissuto testified mother kept all of her weekly appointments. She also stated in her opinion, it would be very difficult for mother to care for both children without help.
Family preservation worker Sylvia Argirakis testified she heard mother make suicidal comments in front of the children, she called CCDCFS and the children were subsequently removed. Mother and children had been reunified the previous month. Mother has a history of clinical depression.
Mary Price was the assigned social worker and reiterated her concerns regarding mother's housing situation and her mental stability.
On appeal, mother argues the court lacked jurisdiction because it failed to conduct a dispositional hearing within the time required by R.C. 2151.35(B)(1).
R.C. 2151.28(A)(2) provides that no later than seventy-two hours after a complaint is filed, the court shall fix a time for an adjudicatory hearing. If the complaint alleges the child is abused, neglected, or dependent, the adjudicatory hearing shall be held no later than thirty days after the complaint is filed, unless, for good cause shown, the court continues the hearing. Additionally, R.C. 2151.35(B)(1) states:
 If the court at an adjudicatory hearing determines that a child is an abused, neglected, or dependent child, the court shall not issue a dispositional order until after the court holds a separate hearing for an adjudicated abused, neglected, or dependent child immediately after the adjudicatory hearing if all parties were served prior to the adjudicatory hearing with all documents required for the dispositional hearing. The dispositional hearing may not be held more than thirty days after the adjudicatory hearing is held. The court, upon the request of any party or the guardian ad litem of the child, may continue a dispositional hearing for a reasonable time not to exceed the time limits set forth in this division to enable a party to obtain or consult counsel. The dispositional hearing shall not be held more than ninety days after the date on which the complaint in the case was filed.
 If the dispositional hearing is not held within the period of time required by this division, the court, on its own motion or the motion of any party or the guardian ad litem of the child, shall dismiss the complaint without prejudice.
See also Juv.R. 34(A).
In this case, CCDCFS filed the complaint on August 25, 1999 and on July 19, 2000, the juvenile court entered its disposition, granting permanent custody of Robert and Molly to CCDCFS. Mother did not object at any time between the filing of the complaint and the final disposition of the case. At the October 26, 1999 preliminary hearing, mother's counsel agreed to waive the ninety day requirement, only until the next hearing.
In In re: Fusik (June 12, 1980), Cuyahoga App. No. 41569, unreported, 1980 Ohio App. LEXIS 12046, the state filed a delinquency complaint against a juvenile in 1977. The court ordered the dispositional hearing continued indefinitely until disposition of a second case involving the same juvenile. As a result, disposition did not occur until 1979, more than two years later. The juvenile appealed. This court agreed it had been untimely, but disagreed that the proper remedy was by way of appeal. We stated:
 Appellate reversal would not afford appellant the procedural right he seeks to vindicate, i.e., speedy disposition of his case.
 Instead, appellant's remedy was to seek a writ of mandamus to compel the trial judge to hold the dispositional hearing within the time limits of Juvenile Rule 29, and, having failed to do so, he is precluded from raising this error on appeal.
Citing Linger v. Weiss (1979), 57 Ohio St.2d 97, 386 N.E.2d 1354
and Fusik, the court in In re: Chapman (April 10, 1998), Ashtabula App. No. 97-A-0001, 1998 Ohio App. LEXIS 1537, stated:
 Together, Linger and Fusik stand for the proposition that a tardy disposition may not be undone by a writ of habeas corpus or reversed on appeal. Instead of attacking the eventual disposition, an aggrieved party was required to sue the juvenile court in mandamus or procedendo while the action was still pending to immediately vindicate his or her right to speedy disposition of the cause.
Therefore, the juvenile court did have jurisdiction to enter a disposition in this case and the assignment of error is overruled.
In her second assignment of error, mother alleges the juvenile court erred when it granted permanent custody of the children to CCDCFS because it is not in their best interest.
The award of permanent custody of a child is governed by R.C.2151.414(B) which provides in pertinent part:
 (B) The court may grant permanent custody of a child to a movant if the court determines * * * by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that * * *:
 (1) * * * the child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents; * * *.
When reviewing awards of permanent custody to public children services agencies, judgment supported by some competent, credible evidence must be affirmed. In re Thomas (March 9, 2000), Cuyahoga App. Nos. 75330, 75331, 75332, unreported, 2000 Ohio App. LEXIS 885.
A review of the testimony offered at the permanent custody hearing reveals there was substantial, competent and credible evidence to support a grant of permanent custody to CCDCFS. Mother has demonstrated a history of depression, to the point of threatening suicide in front of her children. Her depression is severe enough to inhibit her ability to properly care for the children. Additionally, a number of witnesses testified regarding the condition of the apartment; it was littered with garbage and infested with cockroaches. Further testimony reveals mother's inability to incorporate and implement the skills she learned through parenting classes. This testimony, in conjunction with the children's history of removals and failed reunifications, demonstrates competent, credible evidence that granting permanent custody to CCDCFS is in the best interest of the children.
Therefore, this assignment of error is overruled and the judgment of the juvenile court is affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Juvenile Division of Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., and JAMES J. SWEENEY, J., CONCUR.
 _______________________________________ PATRICIA ANN BLACKMON, PRESIDING JUDGE: